CHARLES H. ROBINSON & others *vs.* ALLEN A. HOOKER
& another.

Suffolk.    November 15, 1899. — November 17, 1899.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Conversion — Sale of Goods on Furniture Lease — Right of Possession.*

A specific finding of an auditor that the plaintiff in an action for the conversion of furniture sold the furniture to a third person by a so called furniture lease before its conversion, is not inconsistent with a finding that he is entitled to recover, if the lease provided that the title should not pass until a certain sum was fully paid, and that the vendors or lessors might take possession on failure to pay on time, which, so far as is shown, may have been the case.

It is not necessary that the specific findings of an auditor should be full enough to justify a conclusion, not purporting to be based upon those findings alone.

TORT, for the conversion of articles of household furniture. At the trial in the Superior Court, before *Braley*, J., the only evidence introduced was the report of the auditor, who found that the plaintiffs had sold certain furniture on a so called furniture lease to one Hopkins, who mortgaged it, or a large part of it, to the defendants, by whom, after a foreclosure of the mortgage, it was sold; and that the plaintiffs were entitled to recover.

The defendants requested the judge to rule: 1, that the facts found and reported by the auditor, and upon which he based his conclusions, were not sufficient to authorize a verdict for the plaintiffs; 2, that upon all the evidence in the case the verdict should be for the defendants.

The judge declined so to rule.

The jury returned a verdict for the plaintiffs; and the defendants alleged exceptions.

*S. R. Cutler*, for the defendants.

*T. J. Morrison*, for the plaintiffs.

BY THE COURT. The auditor finds that the plaintiffs are entitled to recover a certain sum. The only point argued for the defendants is that the specific finding, that the plaintiffs before the date of the alleged conversion sold the furniture in question to a third person by a furniture lease, is inconsistent with

the conclusion, as showing that the plaintiffs had parted with their present right of possession. But the specific finding would be consistent with the conclusion if the furniture lease provided that the title should not pass until a certain sum was fully paid, and that the vendors or lessors might take possession on failure to pay on time, which, for all we know, may have been the case. It is not necessary that the specific findings should be full enough to justify the conclusion, unless the conclusion purports to be based upon those findings and no others; it is enough if they do not contradict it.                    *Exceptions overruled.*