WILLIAM LYTTLE *vs.* LOUIS F. MONTO.

Middlesex.    January 14, 1924. — March 5, 1924.

Present: RUGG, C.J., DECOURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* Invited person: child on motor vehicle for benefit of driver; In operation of motor vehicle.

At the trial of an action for personal injuries received by a boy nine years of age, there was evidence tending to show that the defendant, driving a motor truck for delivery of goods, asked the plaintiff, standing on the highway, where a certain address was. The plaintiff attempted to answer the question but the defendant " didn't quite understand " and said to the plaintiff, " Jump on and show me." The plaintiff climbed on the running board of the truck and went with the defendant to the place designated, a ride of about a quarter of a mile. The goods there were delivered and the defendant then said, " Jump on . . . and I'll drive you home." The plaintiff rode upon the running board, and while there was thrown off by reason of negligent driving by the defendant. *Held,* that there was evidence tending to show that the plaintiff at the time of the injury was not a mere guest but was riding on the motor truck at the request and for the benefit of the defendant; and that a verdict for the plaintiff was warranted.

TORT for personal injuries, the plaintiff relying on a declaration, amended after the sustaining of a demurrer, setting forth a claim alleging that he was thrown from an automobile truck owned and operated by the defendant. Writ dated June 14, 1921.

In the Superior Court, the action was tried before *Keating,* J. Material evidence is described in the opinion. At the close of the evidence, the trial judge ruled, subject to an exception by the plaintiff, that there was no evidence that would warrant the jury in finding gross negligence on the part of the defendant. The defendant moved that a verdict be ordered in his favor. The trial judge denied the motion, subject to an exception by the defendant. There was a verdict for the plaintiff in the sum of $950, and both the plaintiff and the defendant alleged exceptions.

*J. L. Edwards,* for the defendant.
*P. J. Duane,* for the plaintiff.

DeCourcy, J.   The case went to the jury on the amended declaration, designated as the " third count; " and there was a verdict for the plaintiff.   The only exception is to the refusal of the judge to direct a verdict for the defendant. On the evidence most favorable to the plaintiff the jury could find the material facts to be as follows: On the afternoon of May 16, 1921, the defendant Monto was operating an automobile truck owned by him.   At the corner of Lowell and Chestnut streets in the city of Waltham he saw the plaintiff, a boy nine years of age, and asked him where " Dolan's Paint Shop " was, on Alder Street.   The boy told him, but Monto " didn't quite understand," and said " Jump on and show me."   Thereupon the boy climbed upon the running board, and went with Monto to Dolan's place; which was about a quarter of a mile distant.   The truck was backed up the driveway and some barrels were there delivered.   The defendant then said " Jump on, kid, and I'll drive you home."   The boy thereupon jumped upon the running board, grasping a post or upright, and Monto started down the driveway driving slowly.   Just before reaching the sidewalk he suddenly put on speed, turned quickly to the right, the car went over the curbstone, and the plaintiff was thrown to the ground and injured.

The controlling question is whether at the time of the injury the plaintiff was a mere guest, — in which event the defendant would not be liable to him in the absence of gross negligence;  or whether he was riding in the truck at the request and for the benefit of the defendant.   *West* v. *Poor,* 196 Mass. 183.   *Flynn* v. *Lewis,* 231 Mass. 550.   The instructions to the jury were clear and comprehensive, and the verdict necessarily involves a finding that the plaintiff was not a mere licensee, but one legally entitled to the exercise of reasonable care on the part of the defendant.   There can be no dispute that such was the relation between them while the automobile was on the way to the paint shop.   We are of opinion that the jury were warranted also in finding that the same relation and standard of duty continued while the defendant was returning the boy to the place where he

sought his assistance, near his home, and a quarter of a mile away.  *Loftus* v. *Pelletier*, 223 Mass. 63.

There was ample evidence that the defendant was negligent; and that the plaintiff was in the exercise of due care.

Admittedly it is now unnecessary to consider the exceptions taken by the plaintiff.

*Exceptions overruled.*