JAMES MURPHY *vs.* EDWARD J. BARRY & another.

Hampden.	September 20, 1928. — October 8, 1928.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Agency,* Scope of authority.

At the trial of an action against two partners, proprietors of a laundry, for personal injuries sustained by a boy while, at the invitation of a driver of a truck of the defendants, he was assisting in collecting laundry, a finding that the driver was authorized so to invite the plaintiff to assist was not warranted, and a verdict for the defendants properly was ordered, where the evidence was merely that the driver on many earlier occasions had requested the plaintiff to help him and had received his assistance; that sometimes he had given the plaintiff ice cream or from fifteen to twenty-five cents for his help and many times had given him nothing; that one of the defendants had seen the plaintiff with him a few times and the other defendant many times; that neither of them had talked with the plaintiff or given the driver any instructions to keep boys off the truck; and that the driver employed and paid another boy who was on the truck as his helper at the time of the accident; and there was no evidence that a helper was necessary or that the defendants knew of the payments to the plaintiff or to the other boy.

TORT for personal injuries. Writ dated August 22, 1925.

In the Superior Court, the action was tried before *Burns*, J. Material evidence is stated in the opinion. The jury found for the plaintiff in the sum of $4,256.60, the judge reserving leave, under G. L. c. 231, § 120, to enter a verdict for the defendant. A verdict for the defendant afterwards was ordered. The plaintiff alleged exceptions.

The case was submitted on briefs.

*J. P. Dowling*, for the plaintiff.

*A. B. Green*, for the defendants.

WAIT, J. The plaintiff was injured while assisting an employee of the defendants who was collecting bundles of laundry in the course of defendants' business. It is agreed for the purposes of the case that there was evidence from which a jury could find due care of the plaintiff, and negligence of the driver which showed no greater culpability than ordinary negligence. The single issue is whether the evidence would sustain a finding that the defendants owed a duty to the plaintiff.

No such duty would exist unless the defendants invited the plaintiff to ride on the truck and aid the driver in his collections, or had authorized the driver so to do. *West* v. *Poor*, 196 Mass. 183. *Flynn* v. *Lewis*, 231 Mass. 550. *Lyttle* v. *Monto*, 248 Mass. 340. *Shea* v. *Gurney*, 163 Mass. 184. *Massaletti* v. *Fitzroy*, 228 Mass. 487.

There was undisputed evidence that the driver asked the plaintiff to come upon the truck and help him in collecting bundles of laundry. *Lyttle* v. *Monto, supra,* is controlling authority that, if the defendants themselves had so invited him, a duty to exercise ordinary care for his safety would have arisen. The plaintiff would stand, not as a mere guest to whom the defendant would be liable only in the event of gross negligence, *Massaletti* v. *Fitzroy, supra, Gaboury* v. *Tisdell*, 261 Mass. 147; but as one who was conferring a benefit in the performance of something in which the defendant had an interest, to whom he would be liable for a failure to use ordinary care. *Jackson* v. *Queen*, 257 Mass. 515. *Labatte* v. *Lavallee*, 258 Mass. 527.

The same liability would exist if the invitation were given

by an employee authorized to extend it. See *O'Leary* v. *Fash*, 245 Mass. 123. *Butler* v. *Mechanics Iron Foundry Co.* 259 Mass. 560. *Stone* v. *Commonwealth Coal Co.* 259 Mass. 360, 363. *Lessard* v. *Kneeland*, 257 Mass. 455.

The plaintiff's exceptions to the direction of a verdict for the defendant, therefore, must be sustained, unless there was no evidence for the jury that the driver was authorized to extend an invitation to come upon the truck and work for the benefit of the defendants. The only evidence of such authority was that the driver on many earlier occasions had requested the plaintiff to help him and had received his assistance; that sometimes he had given plaintiff ice cream or from fifteen to twenty-five cents for the help and many times had given nothing; that Allen, one of the defendants, had seen the plaintiff with him a few times and Barry, the other defendant, many times; that neither had talked with plaintiff or given the driver any instructions to keep boys off the truck; that the driver employed and paid another boy who was on the truck as his helper at the time of the accident.

The defendants would not confer the authority nor ratify the act by seeing the plaintiff about their premises and saying nothing to him, nor by failing to order that he be kept off the firm's trucks. *Shea* v. *Gurney*, 163 Mass. 184. A driver has no implied authority to invite others to ride, or to help him. *Driscoll* v. *Scanlon*, 165 Mass. 348. *Butler* v. *Mechanics Iron Foundry Co., supra.* See *Billows* v. *Moors*, 162 Mass. 42. If it be true that the defendants' business as well as the driver's convenience was furthered by the aid given to the driver, that, of itself, does not prove authority in the driver. *Stone* v. *Commonwealth Coal Co., supra.* There was no evidence that the defendants knew of the payments by the driver either to the plaintiff or to his other helper; nor that these helpers were of importance to any one except the driver whose work they made easier. There is nothing to show that a helper was necessary. The evidence does not go far enough to justify an inference that the driver had been authorized to employ assistants in the defendants' business or to invite them upon the truck, nor that his action in this case was known and ratified. The fact that the work

was being done on Sunday is immaterial on the issues of authority or ratification. The plaintiff's second and third requests for instructions became immaterial when it was agreed that the only questions to be submitted to the jury should be the negligence of the driver, the due care of the plaintiff, and the amount of the damages. They need not be discussed.

The order directing the verdict was correct, and the entry must be

*Exceptions overruled.*