GEORGE WILLIAM WOODS *vs.* FRANK H. WOODS.

Middlesex.   May 18, 1936. — September 8, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence*, Invited person, Gross, Motor vehicle, In use of way.   *Practice, Civil*, Appeal.

In an action of tort by a rider on a truck against his brother, the owner and driver of the truck, evidence that both brothers were gratuitously moving their father's furniture and that the plaintiff was not an employee of the defendant warranted a finding that the plaintiff was not a passenger for hire nor acting for the benefit of the defendant and that he could not recover for mere negligence on the part of the defendant.

On evidence that the operator of a motor truck was driving on a macadam road at a rate of from fifteen to thirty miles per hour, that he met another truck and a motor vehicle passed him from the rear, that he glanced back for a short period of time to look to the safety of his load, and that his truck ran off the road and struck a pole eleven feet from the macadam, a finding of gross negligence would not have been warranted.

No prejudicial error appeared in the denial of a request for a ruling that "The taking of one's eyes from the road is an element to be considered on the issue of gross negligence" of the driver of a motor truck, where, even taking that element into consideration, a finding of gross negligence would not have been warranted on all the evidence.

That the driver of a truck did not take the direct route to his destination was not evidence that he was intoxicated and the admission of hearsay evidence to explain the deviation, if error, was harmless.

TORT.   Writ in the First District Court of Northern Middlesex dated February 6, 1935.

The action was heard by *Clark*, J., who found for the defendant.   A report to the Appellate Division for the

Northern District was ordered dismissed.   The plaintiff appealed.

The case was argued at the bar in May, 1936, before *Crosby, Pierce, Donahue, Lummus,* & *Qua,* JJ., and afterwards was submitted on briefs to all the Justices.

*S. Abrams,* (*W. J. Good* with him,) for the plaintiff.

*F. C. Haigis,* for the defendant.

CROSBY, J.   This is an action to recover for personal injuries.   The declaration is in three counts, all for the same cause of action.   The first count alleges that the plaintiff was a passenger for hire and was injured by negligence of the defendant; the second count alleges that the plaintiff at the time of the injury was a passenger on the defendant's truck, that he was employed by and on the business of one George H. Woods, that he was rightfully on the truck while it was being used and operated by the defendant in carrying on the business of said George H. Woods, and that he sustained personal injuries due to the negligence of the defendant; the third count alleges gross negligence on the part of the defendant.   The answer of the defendant contained a general denial and an allegation of contributory negligence.

The trial judge found the following facts:  The plaintiff and the defendant are brothers.   The truck above referred to was owned and operated by the defendant.   On March 31, 1934, the plaintiff, the defendant, their brother Russell, two sisters and George A. Gilson were assisting George H. Woods, the father of the plaintiff and the defendant, in moving his household furniture and effects from the house then occupied by him to a tenement in the same town of Groton in this Commonwealth.   On this day the defendant worked all day, and the plaintiff began work between two and three o'clock in the afternoon.   The plaintiff received his injuries while he was riding in a standing position on the platform of the truck.   As the truck approached a place called the Legion Bungalow it left the macadam and went onto the dirt shoulder on the right side of the road at a point about forty feet from an electric light pole, placed at or near the bungalow and about eleven feet from the edge of the

macadam, went onto the land abutting the shoulder, and then hit or grazed the pole. It then went about one hundred feet and came to a stop. At or about the time the truck struck the pole, the plaintiff received a blow or impact severe enough to cause a black and blue area to appear on his right side between his hip and shoulder, and also a fracture of his right pelvis bone. During this trip the plaintiff was holding on to a hand rack on the back of the cab with his right hand, and his right arm extended through the branches of a five-foot fir tree to support it. With his left arm and hand he endeavored to support a radio set about five feet high, which, about the time of the contact with the pole, struck the plaintiff, causing the injuries for which he seeks recovery. When the truck came to a stop the plaintiff told the defendant he was badly hurt. A doctor was called who found that the plaintiff's injury was a broken pelvis bone and injury to the ligaments. The defendant was sitting in the cab operating the truck. As he was approaching the pole above referred to, he met a truck coming in the opposite direction and he then drove to his right off the macadam onto the dirt shoulder. After the truck passed, the defendant was overtaken by a passenger car which passed on his left near the pole above referred to. The truck's right forward and rear wheels got off the dirt shoulder onto the abutting land, which was about a foot lower than the surface of the road, and they left a rut about three feet from the base of the pole. The judge stated that the testimony as to the speed of the defendant's truck was conflicting, witnesses called by the defendant placing it "at around fifteen to twenty miles per hour and the plaintiff placing it around twenty-five to thirty miles per hour at least." He found that the speed was between these estimates, and that the defendant applied his brakes as he approached the pole. He stated that upon conflicting testimony he was unable to find that the defendant was drunk at the time in question, or was driving his truck while under the influence of intoxicating liquor.

It is further recited in the judge's findings that there was no negligence of the plaintiff that contributed to his injuries;

that "As to the legal relation of the plaintiff to the defendant under the circumstances in question, I find they were then both engaged, with others, in the moving of their father's furniture and effects to his new place of residence"; that the father was eighty years of age and infirm; that the defendant, his brother Russell, his two sisters and George A. Gilson were not employed by the father "for the purpose and all worked at the time without wish or expectation of compensation"; that the plaintiff claimed to be working for compensation, but the father denied that he was so working; that the defendant did not employ the plaintiff and there was accordingly no relation of master and servant between them. "I find that he impliedly, if not expressly, invited the plaintiff to ride gratis on the truck . . . in order to assist in transporting the load but without hiring the plaintiff to do so; and that such moving was done for the intended benefit of their father rather than that of the defendant." The judge found that the total damages sustained by the plaintiff, including his expenses, loss of wages and suffering, amount to $2,500.

In conclusion the judge made the following findings: "The defendant's operation of the truck was faulty and he was negligent in the premises, especially in driving onto the dirt shoulder and abutting land at excessive speed. The defendant's negligence was ordinary in kind, not gross negligence. The plaintiff was not guilty of any contributory negligence in the premises; and he did not control, or have control of, the operation of the truck in question. The plaintiff, while riding on the defendant's truck, had the status of a guest riding gratuitously on the defendant's invitation therefor, express or implied . . . the plaintiff was not riding either as an agent, employee, or servant of the defendant or as a passenger for hire of the defendant. The defendant furnished the use of his truck and his own services for the purpose of moving his father's furniture without expectancy, or right, of compensation."

The plaintiff claimed a report upon two rulings made by the judge during the course of the trial. An examination of these rulings fails to show any error.

The judge ruled upon certain requests presented by the plaintiff and by the defendant. They need not be considered separately. They have all been examined and we find no error by reason of the manner in which they were dealt with by the judge.

The judge made the following order: "Judgment to be entered for the defendant when the case is ripe therefor." Thereafter the case was reported to the Appellate Division, a majority of whose members, not finding any error of law, ordered the report dismissed.

The questions presented are (1) whether the plaintiff's status was that of a guest as to whom was owed only a duty to refrain from gross negligence, or whether it was such that a duty to refrain from ordinary negligence was owed to him; (2) whether the conclusion that the defendant was not guilty of gross negligence was justified; and (3) whether there was any error in the admission or exclusion of evidence.

The plaintiff contends that in riding on the defendant's truck at the request of the latter he was doing so for the benefit of the defendant, and for that reason that the latter would be liable if he was chargeable with ordinary negligence. *Lyttle* v. *Monto*, 248 Mass. 340, 341. The plaintiff also argues that such a duty may be due him, although the benefit conferred is not in its nature pecuniary. The conferring of a pecuniary benefit gives rise to a duty of ordinary care (*Foley* v. *McDonald*, 283 Mass. 96, 97, 98), and the conferring of a nonpecuniary benefit, at least where directly related to the transportation, may also give rise to such a duty. *Lyttle* v. *Monto*, 248 Mass. 340. *Semons* v. *Towns*, 285 Mass. 96, 100.

In cases where, as in the case at bar, the benefit was conferred by one upon a relative, it has been held that such facts indicated not a legal benefit conferred by one at the request of another, but merely "the friendly relations or the sense of mutual obligation arising between kindred." *Baker* v. *Hurwitch*, 265 Mass. 360, 361. *Perkins* v. *Gardner*, 287 Mass. 114, 117. In the present case, if any benefit was conferred by the plaintiff on the defendant, his brother, it could have been found that in so doing he did not thereby

become entitled to a duty of ordinary care. The trial judge found that any benefit conferred by the plaintiff was conferred upon George H. Woods, his father, rather than upon his brother, the defendant. This finding was warranted by the evidence. The plaintiff cannot recover upon any theory that he was hired by the defendant, since the judge found upon sufficient evidence that the defendant did not hire him. See *Labatte* v. *Lavallee*, 258 Mass. 527; *Hall* v. *Smith*, 283 Mass. 166, 168, 169. The plaintiff contends that on this branch of the case he is entitled to recover upon the principles stated in *Nichols* v. *Rougeau*, 284 Mass. 371, where it was held that, when both the plaintiff and the defendant had been hired by the same person to transport a pool table from one place to another in the same city, the defendant was an independent contractor, and that the plaintiff in assisting him could have been found to have conferred a pecuniary benefit upon the defendant at the request of the latter. The facts in that case are distinguishable from those in the present case, not only in that here the plaintiff and the defendant were brothers, but also that it could have been found in the present case that neither the plaintiff nor the defendant was employed to perform work for a third person, but that both were rendering a gratuitous service to their father. It follows that no error of law was committed by the trial judge on this branch of the case.

To entitle the plaintiff to recover, therefore, he must prove that the defendant was grossly negligent. The plaintiff contends that the trial judge erred in denying the plaintiff's request for a ruling that "The taking of one's eyes from the road is an element to be considered on the issue of gross negligence," since the defendant testified that he looked back for two or three seconds just before the accident. If it be assumed that this testimony was binding upon the defendant, and that the request should have been granted, no prejudicial error was committed. Upon the facts respecting the speed of the truck of between fifteen and thirty miles an hour, and the surrounding circumstances, together with the fact that the defendant glanced back for a short period of time to see whether the radio set on the truck was secure,

as matter of law it could not properly have been found that the defendant was guilty of gross negligence. *Curley* v. *Mahan*, 288 Mass. 369, 372, 374. *Adamian* v. *Messerlian*, 292 Mass. 275. *Folan* v. *Price*, 293 Mass. 76, 78.

It is also argued by the plaintiff that he was prejudiced by rulings of the judge on the admission and exclusion of evidence. The judge allowed one Gilson to answer the question: "What was the conversation with Frank [the defendant] in the yard at his father's house?" Gilson replied that the defendant said he was going down to Haslam's drug store to get some tobacco. The plaintiff contends that the evidence was hearsay, and that by its tendency to explain where the defendant was going when he started upon the trip leading to the accident, it weakened the plaintiff's theory that as the defendant did not drive to his destination by the most direct route it might be inferred that he was intoxicated. If the evidence was improperly admitted the plaintiff was not harmed thereby. If the defendant did not take the most direct route it was not evidence that he was intoxicated.

It is the contention of the plaintiff that he was prejudiced by the refusal of the judge to allow his counsel to force counsel for the defendant to produce a paper from the files of the latter; that the paper he sought to have produced was a bill rendered by the plaintiff to his father, George H. Woods, which, the plaintiff contends, was paid by the father. It did not appear that any notice was given to the defendant to produce this paper. If it were admitted that the plaintiff was hired by his father, that fact would not bring the plaintiff within the principle of *Nichols* v. *Rougeau*, 284 Mass. 371, hereinbefore referred to. In that case it was an important fact that the defendant as well as the plaintiff was hired by a third person. In the present case it is not contended by the plaintiff that the defendant was hired by the father, nor is there any evidence that if the plaintiff was so hired the defendant knew it.

As in the opinion of a majority of the court no prejudicial error is shown, the order dismissing the report must be affirmed.

*So ordered.*