LEO EPSTEIN *vs.* SIMCO TRADING CO. INC.

Suffolk.     January 8, 1937. — May 24, 1937.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Agency,* What constitutes. *Negligence,* Invited person. *Practice, Civil,* Auditor: findings.

A conclusion by an auditor whose findings were not to be final, if not inconsistent with his subsidiary findings, is evidence warranting a finding to the same effect by judge or jury.

Findings respecting the transportation of a boy on a motor truck to a place where he was to peddle ice cream purchased by him from a dealer who bought all his ice cream from the owner of the truck were not inconsistent with conclusions that the driver of the truck was acting as an agent of the owner during the transportation and that the boy was an invitee, not a guest, while so riding on it.

TORT. Writ in the Superior Court dated October 6, 1933.

The action was tried before *F. T. Hammond*, J. There was a verdict for the plaintiff in the sum of $3,500. The judge reported the action for determination by this court.

*C. A. McCarron & J. F. Dolan,* for the defendant, submitted a brief.

*R. M. Goldstein,* for the plaintiff.

QUA, J.  This is an action for personal injury caused by the negligence of the driver of an automobile truck in which the plaintiff was riding.  The defendant has raised and argued only two questions, although these are presented by the record in various forms.  The questions are whether there was any evidence to support the findings of the jury (1) that the driver of the truck was acting as the servant of the defendant and (2) that the plaintiff was riding as a "business invitee" and not as a guest of the defendant.

The case was tried upon an auditor's report and upon oral evidence which the defendant had reserved the right to introduce in accordance with Rule 88 of the Superior Court (1932).  The auditor found in favor of the plaintiff on both issues.  His findings of fact were *prima facie* evidence at the trial.  G. L. (Ter. Ed.) c. 221, § 56.  *Ballou* v. *Fitzpatrick,* 283 Mass. 336, 338.  If we assume, but without intimating any opinion, that, as the defendant contends, testimony by the plaintiff himself at the trial necessarily inconsistent with the auditor's findings would bind the plaintiff and destroy the auditor's report, we do not discover that there was such testimony.  It follows that the findings of the jury were warranted unless the subsidiary findings of the auditor are such as to vitiate his ultimate findings.  *Robinson* v. *Hooker,* 174 Mass. 490.  *Brooks* v. *Davis,* 294 Mass. 236, 238.  *Kohutynski* v. *Kohutynski,* 296 Mass. 74, 77.

The pertinent subsidiary findings of the auditor are in substance these:  The defendant, which was engaged in Boston in the business of selling chocolate coated ice cream bars, had entered into an arrangement with one Glynn whereby Glynn became a tenant of a portion of the defendant's premises with the exclusive privilege of selling ice cream to boys who peddled it on the street from boxes.  Glynn's business was separate from the defendant's business, but in lieu of rent Glynn bought all of his ice cream

from the defendant. The plaintiff, accompanied by two other boys, ordered a quantity of ice cream from Glynn for the purpose of peddling it at an outdoor gathering in Framingham, and the defendant permitted the use of its truck and driver to convey the boys and the ice cream to the scene of the outing. Glynn supplied four boxes to be used by the three boys and the driver in selling the ice cream. The defendant furnished these boxes to Glynn for use by his customers. Neither the boys nor Glynn was to pay the defendant for the use of the truck. The trip was made on Sunday outside of the driver's usual working hours. On the way to Framingham an accident occurred, and the plaintiff was injured.

Nothing in these findings is inconsistent with the conclusions that the driver was the servant of the defendant at the time of the accident and that the plaintiff was a "business invitee" of the defendant. By G. L. (Ter. Ed.) c. 231, § 85A, registration of a vehicle in the name of the defendant as owner is *prima facie* evidence that the defendant is responsible for the conduct of the driver, and absence of such responsibility is an affirmative defence. The auditor might well find that such defence had not been maintained. Where a vehicle is lent with its driver, the driver often remains the servant of the owner. *Shepard* v. *Jacobs*, 204 Mass. 110. *Wall's Case*, 293 Mass. 93, 94. And it could be found that the loan of the truck and of its driver was not wholly gratuitous on the part of the defendant. The intimate business relations between the defendant and Glynn and the interest that the defendant had in aiding Glynn and his customers to sell ice cream purchased by Glynn from the defendant would support an inference that the proposed trip was of enough material advantage to the defendant to put the plaintiff in the position of an invitee rather than in the position of a guest, even though no money was to be paid. *Lyttle* v. *Monto*, 248 Mass. 340. *Jackson* v. *Queen*, 257 Mass. 515. *Labatte* v. *Lavallee*, 258 Mass. 527. *Murphy* v. *Barry*, 264 Mass. 557. *Foley* v. *McDonald*, 283 Mass. 96. *Nichols* v. *Rougeau*, 284 Mass. 371. *Woods* v. *Woods*, 295 Mass. 238.

*Judgment for the plaintiff on the verdict.*