ESTHER IRENE WEIDA *vs.* CATHERINE MacDOUGALL.

CHARLES D. WEIDA *vs.* SAME.

Suffolk.    May 24, 1938. — June 27, 1938.

Present: FIELD, LUMMUS, DOLAN, & COX, JJ.

*Negligence*, Invited person.

A passenger in an automobile, qualified to give valuable advice to its driver as to the purchase of certain property and riding with him to its location for that purpose only, was not a mere gratuitous guest and could recover against the driver for injuries resulting from his ordinary negligence in the operation of the automobile on the return trip.

Two ACTIONS OF TORT. Writs in the District Court of Chelsea dated October 18, 1934.

Upon removal to the Superior Court, the actions were tried before *Donahue,* J. There were verdicts for the plaintiffs in the sums, respectively, of $4,175 and $825.

The case was submitted on briefs.

*W. P. Murray & E. M. Murray,* for the plaintiffs.

*T. H. Mahony & R. J. Coffin,* for the defendant.

DOLAN, J. These are two actions of tort which were tried together to a jury. The first action is brought to recover compensation for personal injuries sustained by the plaintiff on August 28, 1934, while riding in an automobile owned and operated by the defendant. The second action is brought to recover consequential damages. The declaration in each case is in two counts, the first alleging negligence, and the second gross negligence and reckless and wanton conduct on the part of the defendant in operating her automobile. At the close of the evidence the plaintiffs waived the second count of their declarations. The judge denied the defendant's motion for a directed verdict in each case. The jury returned a verdict for the plaintiff in each case, but before the verdicts were recorded the judge with the consent of the jury reserved leave to enter verdicts for the defendant. Thereafter, upon motion of the defendant, the judge entered a verdict for the defendant in each action, subject to the plaintiff's exceptions. The plaintiff in the first action will hereinafter be referred to as the plaintiff.

No contention is made that the evidence would not warrant the jury in finding negligence on the part of the defendant in operating her automobile at the time of the accident. The bill of exceptions recites that "The issues involved . . . relate to the status of the plaintiff in the defendant's automobile at the time of the collision." The evidence pertinent to the determination of that question, in its aspect most favorable to the plaintiff, would warrant the jury in finding the following facts.

The plaintiff had been employed by the defendant in a dining car in Cambridge for a year prior to the accident "as a counter girl and a short-order cook." Two weeks before the collision, the defendant had a talk with the

plaintiff and said that she was "going to buy a dine and dance place in Wrentham and that she thought the proposition looked good; that she would like to have the plaintiff see it sometime, as she, the plaintiff, had a lot of experience and might see things which [she] the defendant would not see and asked the plaintiff to go down." The plaintiff was unable "to go down" at that time, and an appointment was made for her to accompany the defendant "about two or three days later." On August 27, 1934, the defendant again spoke to the plaintiff about the "dine and dance place," and told her that she wanted her to go with her "to Wrentham." The following day the plaintiff finished her work at three o'clock in the afternoon, and went home. At eight o'clock that evening she met the defendant by appointment at her "diner." The defendant then stated that "she was going to bring her brother to Wrentham as she wanted his advice . . . and asked the plaintiff to go." The plaintiff, who had, and was to have, no interest in the suggested "dine and dance place" and did not expect to be employed there, consented, and, with the defendant's brother, his wife and one Heroian, was then driven by the defendant in her automobile to the "101 Ranch" in Wrentham — the place of business the purchase of which the defendant was contemplating. Upon their arrival the defendant learned that the "place had previously been sold," and "said it would have paid her better to have bought it instead of running around looking for so much advice." About three hours after their arrival at the "Ranch" the return journey was undertaken. During its progress the accident happened.

The burden of proof was on the plaintiff to establish by a preponderance of the evidence that at the time of the accident she was riding in the defendant's automobile ". . . not merely as a guest but for the benefit of the defendant in the performance of something in which the defendant had an interest." *Roiko* v. *Aijala,* 293 Mass. 149, 156. It would serve no useful purpose to review the many decisions of this court, cited by the plaintiffs and the defendant, in all of which the same principle of law just referred to is set forth as governing the determination of the question in issue

in the instant case. Although the present case is very close, we think the jury could properly find that the plaintiff consented to accompany the defendant and to advise her in connection with her contemplated purchase of the business involved; that by virtue of the plaintiff's occupation she was experienced in and had particular knowledge of matters relating to the conduct and equipment of public dining places, which would make her advice of value; and that the plaintiff undertook the journey for the benefit of the defendant, and was not a mere guest. The defendant has relied largely on *Flynn* v. *Lewis*, 231 Mass. 550. We think that case is distinguishable in the respect that there no evidence was shown of particular skill or knowledge on the part of the plaintiff which would make her advice of real benefit to the defendant's daughter who was operating the vehicle with his permission. The case at bar is rather illustrated by such cases as *Lyttle* v. *Monto*, 248 Mass. 340, *Jackson* v. *Queen*, 257 Mass. 515, *O'Brien* v. *Bernoi*, 297 Mass. 271, and *Epstein* v. *Simco Trading Co. Inc.* 297 Mass. 282. The fact that the accident occurred on the homeward journey is immaterial. "By reasonable implication, the return trip as well as the outward one was within the orbit of the errand." *Travelers Protective Association* v. *Prinsen*, 291 U. S. 576. *Lyttle* v. *Monto*, 248 Mass. 340, 341.

> *Exceptions sustained.*
> *Judgment on the verdict returned by the jury in each case.*