GEORGE E. DONOVAN *vs.* WILLIAM JOHNSON.

Middlesex.    March 8, 1938. — June 29, 1938.

Present: FIELD, LUMMUS, DOLAN, & COX, JJ.

*Actionable Tort. Negligence,* Invited person. *Workmen's Compensation Act,* Injuries to which act applies, Liability of one person engaged in common employment for injury to another.

Evidence that an employee departed from the course of his employment by one insured under the workmen's compensation act to assist a fellow employee in his work at his request and, while riding on a truck with him, was injured through his negligence, would have warranted findings that the injuries were not compensable under the act and that the injured employee was on the truck for the benefit of the fellow employee and might maintain an action of tort against him.

TORT. Writ in the District Court of Somerville dated May 2, 1935.

On removal to the Superior Court, *Whiting,* J., ordered a verdict for the defendant. The plaintiff alleged exceptions.

*J. Landfield,* for the plaintiff.

*C. R. Flood,* for the defendant.

LUMMUS, J. On February 18, 1935, the plaintiff and the defendant were in the employ of one Buckles, a milk dealer. Each drove a truck apparently owned by Buckles, delivering milk to customers. On that day, after delivering his load of milk, the plaintiff parked the truck which he operated in front of a restaurant, and went in to have dinner. The defendant came in, and asked the plaintiff to help on the defendant's route, because snow on the ground had delayed the defendant in his work. The plaintiff went

with the defendant on the truck which the latter was operating, and helped deliver the load. On the return journey to the restaurant, where the plaintiff had left his truck, the plaintiff was hurt in a collision which could have been found to result from negligence of the defendant in the operation of the truck in which the plaintiff was riding. The plaintiff testified that his day's work was not completed until he had returned his truck to the garage of the common employer, Buckles.

Buckles testified without contradiction that on the day in question he was insured under the workmen's compensation act, and that the plaintiff had given no notice under G. L. (Ter. Ed.) c. 152, § 24, preserving his common law rights. He testified in substance that the operator of one truck had authority to obtain assistance from the operator of another truck who had finished his route, and that the latter had authority to give such assistance. On cross-examination he testified exactly to the contrary; but he was not asked to make a definite choice between his contradictory statements. *Sullivan* v. *Boston Elevated Railway*, 224 Mass. 405. Therefore the jury could accept either as the truth.

The judge directed a verdict for the defendant on each count. One count was for gross negligence, and that was waived. Another count was for a violation of G. L. (Ter. Ed.) c. 89, §§ 1, 4, and no recovery can be had upon that count. *Pittsley* v. *David*, 298 Mass. 552. But the first count was for ordinary negligence, and the plaintiff's exceptions raise the question whether the verdict was properly directed as to that count.

There was evidence that the plaintiff's injury did not arise "out of and in the course of his employment," nor "out of an ordinary risk of the street while actually engaged, with his employer's authorization, in the business affairs or undertakings of his employer." G. L. (Ter. Ed.) c. 152, § 26. *Higgins's Case*, 284 Mass. 345. It could have been found that the plaintiff departed from the course of his employment to do an act unauthorized and even positively forbidden. *Borin's Case*, 227 Mass. 452. *Koza's Case*, 236

Mass. 342. *Murphy* v. *Barry,* 264 Mass. 557. *Coulombe* v. *Horne Coal Co.* 275 Mass. 226. *Horton's Case,* 275 Mass. 572. *Eifler's Case,* 276 Mass. 1. *Roberts's Case,* 284 Mass. 316. *McManus's Case,* 289 Mass. 65. *Lazarz's Case,* 293 Mass. 538. *Ferreira's Case,* 294 Mass. 405, 406. *Maguskas's Case,* 298 Mass. 80. *Wozniak's Case,* 299 Mass. 471. Upon such a finding the injury would not be compensable under the workmen's compensation act, and the cases of *Bresnahan* v. *Barre,* 286 Mass. 593, and *Caira* v. *Caira,* 296 Mass. 448, would not stand in the way of a recovery in tort. *Clark* v. *M. W. Leahy Co. Inc.,* 300 Mass. 565.

The evidence warranted a finding that the plaintiff was riding on the defendant's truck for the benefit of the defendant, and consequently was entitled to have the defendant exercise the full measure of reasonable care for his safety. *Lyttle* v. *Monto,* 248 Mass. 340. *Hall* v. *Smith,* 283 Mass. 166. *Semons* v. *Towns,* 285 Mass. 96, 100. *Woods* v. *Woods,* 295 Mass. 238, 243. *Epstein* v. *Simco Trading Co. Inc.* 297 Mass. 282. *Weida* v. *MacDougall,* 300 Mass. 521.

The direction of a verdict for the defendant on the first count, which was for ordinary negligence, was error.

*Exceptions sustained.*