LENA MATTHEWS *vs.* L & L ENTERPRISES, INC.

Suffolk.    December 1, 1941. — September 14, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, DOLAN, COX, & RONAN, JJ.

*Negligence*, Theatre, Contributory.

A finding of negligence of the proprietor of a theatre toward a patron injured by the collapse of a chair was warranted by evidence that the chair had sagged when the patron sat down on it and that after the collapse a bolt of the chair was discovered to be broken, bent and rusty and looked "rotten."

Evidence that a patron of a theatre, knowing that a chair sagged as he sat down on it, continued to sit there until the chair collapsed more than an hour later did not require a ruling that he was guilty of negligence contributing to injury sustained by him in the collapse.

TORT.  Writ in the Superior Court dated January 17, 1939.

The case was tried before *Hurley*, J.  There was a verdict for the plaintiff.

In this court the case was argued at the bar in December, 1941, before *Field*, C.J., *Donahue*, *Dolan*, & *Cox*, JJ., and afterwards was submitted on briefs to all the Justices.

*T. Allen*, (*M. M. Lewis* with him,) for the defendant.

*T. J. Colbert* & *C. B. Cotter*, for the plaintiff, submitted a brief.

LUMMUS, J.   This is an action of tort for personal injuries sustained by the plaintiff while a patron of the defendant's theatre.   The case is here on an exception by the defendant to the denial of a motion for a directed verdict in its favor.

There was evidence tending to prove the following facts. On August 31, 1938, the plaintiff went to the theatre with a woman companion.   After buying tickets, they entered and took seats on the right in the middle of the orchestra.   The seats lifted up to allow persons to pass.   They were of wood, with arms.   When the plaintiff sat down her seat sagged about an inch or an inch and a half downward to the right. After she sat there more than an hour the seat collapsed and she was hurt.   It was discovered that a bolt in the seat had been broken, and a part of the bolt was on the floor.   It was rusty, and there was no nut on the end of it.   The piece of bolt or screw on the floor was rusty "and in the middle of it, it was black where it looked like it was rotten, it was bent." It was about an inch long and half an inch wide.   There were little chips of steel or iron on the floor.   There were other seats that the plaintiff could have taken after she found that her seat had sagged, but she did not know that there was anything wrong with her seat, except that it sagged.

The collapse of the seat when it was being properly used for the purpose for which it was furnished warranted the jury in inferring at least that it was defective and unsafe. *Bell* v. *Dorchester Theatre Co., ante,* 536.   The fact that the broken bolt was bent and rusty and looked rotten, together with the fact that the seat sagged as soon as it was sat upon, was evidence that the defect was one that could have been discovered upon proper inspection.   *Keenan* v. *E. M. Loew's, Inc.* 302 Mass. 309.

The act of the plaintiff in continuing to sit on the seat after she knew that it sagged was not contributory negligence as matter of law.   The burden was on the defendant to prove contributory negligence.   G. L. (Ter. Ed.) c. 231, § 85.   The plaintiff had the right to rely to some extent on the assumption that the defendant would not provide for her use a seat that was actually dangerous.   *Tovey* v. *G. E. Lothrop Theatres Co.* 288 Mass. 346, 348, 349.   *Shanney* v. *Boston*

*Madison Square Garden Corp.* 296 Mass. 168, 171. *Lemoine* v. *Springfield Hockey Association, Inc.* 307 Mass. 102, 105. *Wood* v. *National Theatre Co.* 311 Mass. 550, 552.

*Exceptions overruled.*