ARTHUR LEPRI *vs.* HARRY L. LEVY.

Suffolk.    November 4, 1943. — November 30, 1943.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Negligence*, Invited person, Guest.

Evidence that the plaintiff, sent by the proprietor of a shop to get the defendant's automobile for repairing, was directed by the defendant first to help an employee of his in getting some goods elsewhere and bringing them back to the defendant and then to drive the automobile to the repair shop, warranted a finding that the plaintiff, while helping the defendant's employee load the goods onto the automobile, was not a guest of the defendant, but was assisting in work for the defendant's benefit, and upon such a finding he was entitled to recover for injuries caused by the simple negligence of the defendant's employee during the loading.

TORT. Writ in the Municipal Court of the City of Boston dated September 27, 1941.

On removal to the Superior Court, the case was tried before *Swift*, J.

*H. L. Barrett*, for the plaintiff.

*V. L. Scanlon*, for the defendant.

RONAN, J. A verdict for the defendant was directed after the jury had heard testimony which would warrant a finding of the facts now recited. The defendant, a hardware dealer having a store in Boston, called at the place of business of one Lewis, the plaintiff's employer, with reference to having his automobile repaired, and got a price for doing the work. He requested that some one call at his store some morning and drive the automobile to the repair · shop. The plaintiff, a minor, who was employed by Lewis as a welder, came to the store at about eight-thirty on the morning of September 4, 1941. He met the defendant, who told him to go with Kominsky, an employee of the defendant, and pick up some pipes and to help Kominsky, and when they returned he would let the plaintiff have the automobile to drive it to the repair shop. Kominsky, accompanied by the plaintiff, drove the automobile to Friend Street, in Boston, where Kominsky got fifteen two-inch pipes of fifteen or twenty foot lengths. Kominsky first attempted to attach the pipes to the axles of the automobile which was a coupé type, but he was unable to do so. He then attached a bent iron clamp to the right hand door of the coupé, and he and the plaintiff put the pipes on this clamp with the front and rear ends resting upon the fenders. The coupé listed to the right, and the plaintiff directed Kominsky's attention to this. Kominsky testified that, when he had practically all of the pipes upon the coupé, "the last two or three lengths were sort of starting to roll off and he [the plaintiff] was at the front end of the car and he sort of caught and held them on there, and I tied the front end of the pipes, and I went to the back to tie that, and when I pulled on that the whole bundle rolled down" and struck the plaintiff.

The judge ordered the jury to return a verdict for the

defendant and, the parties having stipulated that judgment should be entered for the plaintiff in a specified amount of damages if there was error in directing a verdict on both counts of the declaration, then reported the case to this court. The only contention of the defendant is that the plaintiff was a guest of the defendant and that as there was no evidence of gross negligence the plaintiff was not entitled to recover.

The jury, however, could find that the plaintiff, at the request of the defendant, accompanied Kominsky and assisted the latter in loading the pipes upon the coupé, and that at the time he was injured he was not a guest but was engaged in the performance of work for the benefit of the defendant even if when injured he was temporarily standing on the street. Upon such findings, the defendant was bound to exercise due care to see to it that the plaintiff was not injured while performing work for him. *Lyttle* v. *Monto*, 248 Mass. 340. *Labatte* v. *Lavallee*, 258 Mass. 527. *Murphy* v. *Barry*, 264 Mass. 557. *Hall* v. *Smith*, 283 Mass. 166. *Epstein* v. *Simco Trading Co. Inc.* 297 Mass. 282. *Weida* v. *MacDougall*, 300 Mass. 521. *Meehan* v. *Gordon*, 307 Mass. 59. *Kavigian* v. *Lonero*, 312 Mass. 603.

The plaintiff was not required to prove gross negligence and, as the evidence was sufficient to support both counts of the declaration, there was error in directing a verdict for the defendant. Judgment in the amount stated in the stipulation must be entered for the plaintiff.

*So ordered.*