### GEORGE R. ROY *vs.* LEONARD BACON (and a companion case[1]).

Norfolk. December 5, 1949. — January 3, 1950.

Present: QUA, C.J., LUMMUS, WILKINS, & SPALDING, JJ.

*Negligence*, Invited person. *Motor Vehicle*, Passenger for hire.

Evidence that, at the request of the foreman of a mill and for the foreman's personal benefit to result from increased production, a workman employed in the mill worked on a Saturday and that, as a necessary part of the arrangement between them for working on Saturday, the foreman drove him by automobile to his home after work, warranted a finding that the workman's status while in the automobile was that of an invitee of the foreman, to whom the foreman was liable for personal injuries caused by his negligence in operating the automobile.

TWO ACTIONS OF TORT. Writs in the District Court of Western Norfolk dated July 8, 1943.

On removal to the Superior Court, the actions were tried before *Sullivan*, J.

*T. H. Mahony*, for the defendant, submitted a brief.

*T. L. Mackin*, for the plaintiffs.

WILKINS, J. The first count of each declaration in these two actions of tort alleges that on or about June 26, 1943, the plaintiff was "a paying passenger" in an automobile owned and operated by the defendant, and was injured by reason of the defendant's negligence. There was a verdict

---

[1] The companion case is by Oliver J. Paul against the same defendant. . .

for each plaintiff on the first count. The jury also answered in the affirmative the following special question in each case: "Was the plaintiff a passenger for hire in the vehicle operated by the defendant at the time of the injury?"

The plaintiffs and the defendant allege exceptions. The only exceptions of the defendant which have been argued are to a denial of his motions for directed verdicts on these counts.

The defendant concedes that there was evidence of his negligence, but contends that there was no evidence "to prove contracts of transportation for hire or for a consideration." This, however, is not the test. Liability here sounds in tort rather than in contract, and the extent of the duty is based upon a status. If each plaintiff was riding as an "invitee conferring a benefit in the performance of something in which the defendant had any interest, then the duty owed him inheres in the status and is not merely contractual." *Hall* v. *Smith*, 283 Mass. 166, 169.

The jury could have found that both plaintiffs and the defendant were employed by the Packard Mill Company in Caryville, a part of Bellingham, the defendant as a foreman, the plaintiff Roy as a mechanic, and the plaintiff Paul in an undisclosed capacity. Roy lived in Woonsocket, Rhode Island, Paul in Franklin, and the defendant in Bellingham.

Roy testified that some weeks before June 26, 1943, Paul and he had a talk with the defendant, under whose direct supervision he worked; that the defendant asked them to work on Saturdays; that he told the defendant that he would have no way of getting home at the time the defendant would let them go on Saturdays; that the defendant said that it was very important to come in on Saturday to have this work done, that it meant a lot to the defendant to get production in the mill, and that it would make the defendant a good name in the mill and later it might mean a better job for the defendant; that for the three or four Saturdays before this accident the defendant drove him after work from the mill to his home; and that the

defendant was driving him home after work at the time of the accident.

Paul testified that two weeks before June 26, 1943, he had a talk with the defendant in which he stated that if he did not get transportation home from the mill he could not come in on Saturdays; that the defendant said that he had to have Paul come to work on Saturday because he was valuable to the defendant, who otherwise could not get the work done and cleaned up; that the defendant said that he would take Paul home; that the defendant stated that he needed production and by having Paul work on Saturdays he would get more production and make it better for himself; and that at the time of the accident he was riding to Woonsocket with Roy and the defendant, and was then to be driven home.

There was no error in the denial of the motions for directed verdicts. The jury could properly find that the plaintiffs by working on Saturday and in the necessary riding to and from work were conferring a benefit in the performance of something in which the defendant had an interest, namely, the increasing of production at the mill and the possible ensuing enhancement of the defendant's prestige with the owners or directing heads. The case falls within the authority of numerous cases, some of the most recent of which are *Hall* v. *Smith,* 283 Mass. 166, 168–169, *Semons* v. *Towns,* 285 Mass. 96, 100, *Woods* v. *Woods,* 295 Mass. 238, 242, *Epstein* v. *Simco Trading Co. Inc.* 297 Mass. 282, 284, *Weida* v. *MacDougall,* 300 Mass. 521, 523–524, *Donovan* v. *Johnson,* 301 Mass. 12, 14, and *Thomas* v. *Fritz,* 318 Mass. 622, 624–625.

The defendant relies upon, and asks us to take judicial notice of, executive order No. 21, issued by the Governor and in effect on the day of the accident. This has nothing to do with the case.

The plaintiffs state in their brief that they waive their exceptions should the defendant's exceptions be overruled.

*Plaintiffs' exceptions dismissed.*
*Defendant's exceptions overruled.*