RITA BEAULIEU vs. LINCOLN RIDES, INC.
(and a companion case[1]).

Bristol.    October 22, 1951. — February 28, 1952.

Present: QUA, C.J., LUMMUS, WILKINS, & WILLIAMS, JJ.

*Negligence*, Amusement device, Invited person.  *Practice, Civil,* Waiver.
  *Supreme Judicial Court,* Argument.  *Waiver.  Release.  Fraud.*

Evidence would warrant findings that a business corporation owning
  and operating an amusement device in an amusement park derived
  some business advantage in giving free rides on the device during a
  certain period of the day prior to the hour it required payment for
  rides and that the status of one who paid nothing for a ride during such
  period was that of a business invitee to whom it was liable for personal
  injuries resulting from ordinary negligence on its part in connection
  with the device.
Failure of a defective safety bar of an amusement device to work properly
  while the device was being used by a patron as it was intended to be
  used would warrant a finding of negligence on the part of the proprietor
  of the device in control thereof.
Defences of assumption of risk and contributory negligence in an action
  of tort were waived by failure to argue them in this court.
Evidence that a release under seal was signed unread by a woman shortly
  after she sustained substantial injuries in an accident and while her
  "head was spinning" and that the character of the instrument was
  misrepresented to her by an agent of the releasee would warrant a
  finding that the release was procured by fraud.

TWO ACTIONS OF TORT.   Writs in the Superior Court
dated October 8, 1947, and November 20, 1946, respectively.
   The actions were tried before *Forte*, J.
   In this court the cases were submitted on briefs.
   *W. A. Torphy & J. P. McGuire,* for the plaintiff.
   *G. P. Walsh & S. E. Bentley,* for the defendants.
   LUMMUS, J.   These are actions of tort, one against Lincoln
Rides, Inc., the owner and operator of an amusement de-
vice, and the other against Lincoln Park Amusement Co.,

---

[1] The companion case is one by the same plaintiff against Lincoln Park
Amusement Co.

the owner and operator of an amusement park in which that device was located. At the conclusion of the evidence the judge directed a verdict for each defendant, subject to the exception of the plaintiff. There was no evidence that the Lincoln Park Amusement Co. was in any way responsible for the injury to the plaintiff, and the direction of a verdict in favor of that company was right. The question comes on the direction of a verdict in favor of Lincoln Rides, Inc., hereinafter called the defendant. If the judge erred in directing a verdict for that defendant, it is stipulated that judgment against it shall be entered for $2,500 without costs.

There was evidence that the plaintiff, with her sister and some children, arrived at the park about 1 P.M. on June 26, 1946. Until 2 P.M. the rides on amusement devices were free, but after that hour payment was required. The "Whip," which was owned and operated by the defendant, consists of cars which are attached to a central point on a stationary oval platform, and travel around with a swaying and tipping motion. The plaintiff sat in a car between two children and brought the safety bar up in front of them, holding it with both hands. The safety bar was of iron and was designed to keep passengers from falling out. When the plaintiff got into the car the safety bar appeared to be working properly. After the ride started she noticed that the bar did not fit on one side. As the ride progressed the bar went forward, and she was thrown out and injured. She paid nothing for her ride on the "Whip" because it was before 2 P.M.

The defendant argues from the fact that the plaintiff did not pay for the ride that the case falls within the rule of *Massaletti* v. *Fitzroy*, 228 Mass. 487, that one who injures another while conferring upon him a gratuitous benefit is not liable to him for less than gross negligence. But there is nothing in the record to indicate that the defendant, a business corporation, undertook to give the plaintiff a pure gratuity. The jury could find that the purpose of giving free rides, like the purpose of distributing free samples of

merchandise, was merely to interest customers and increase business. To impose liability for ordinary negligence, it is only necessary for a jury to find some business advantage to the defendant. *Lyttle* v. *Monto*, 248 Mass. 340. *Semons* v. *Towns*, 285 Mass. 96, 100. *O'Brien* v. *Bernoi*, 297 Mass. 271. *Epstein* v. *Simco Trading Co. Inc.* 297 Mass. 282. *Allen* v. *Allen*, 299 Mass. 89. *Weida* v. *MacDougall*, 300 Mass. 521. *Donovan* v. *Johnson*, 301 Mass. 12. *Lepri* v. *Levy*, 315 Mass. 105. *Roy* v. *Bacon*, 325 Mass. 173. *Howes* v. *Kelman*, 326 Mass. 696. There was nothing of a social nature in the relations of the parties, as in *O'Brien* v. *Shea*, 326 Mass. 681. In principle the case resembles *Foley* v. *McDonald*, 283 Mass. 96, where a defendant dealer was held liable for ordinary negligence while demonstrating an automobile to a prospective customer.

There was evidence of the negligence of the defendant. The apparatus was wholly in the control of the defendant. The plaintiff did nothing but sit in the car and take hold of the safety bar, as she was expected to do. She did not notice the want of proper fastening of one end of that bar until the ride had begun and it was too late to withdraw. The failure of the apparatus to work properly when it was being used as intended was evidence of negligence of the proprietor. *Brennan* v. *Ocean View Amusement Co.* 289 Mass. 587, 593. *Matthews* v. *L & L Enterprises, Inc.* 314 Mass. 538, 539. *Jeroma* v. *McNally*, 324 Mass. 385, 387.

The defendant does not argue that the plaintiff assumed the risk or was guilty of contributory negligence. It must be taken as waiving these points. *Commonwealth* v. *Gale*, 317 Mass. 274, 276. *Banks* v. *Election Commissioners of Boston*, 327 Mass. 509. On the merits, while the plaintiff doubtless assumed the risks of the normal operation of the "Whip," she did not assume the risk of defective and dangerous equipment. *Matthews* v. *L & L Enterprises, Inc.* 314 Mass. 538, 539.

The defendant relies on a release under seal given by the plaintiff to the defendant. This was signed shortly after the accident, and while the plaintiff's "head was spinning" from

the substantial injuries which she received. The agent of the defendant who took the release described it to the plaintiff as a "receipt" and "just an ordinary paper for her blouse" or her blouse and finger. He gave her $7, and told her that if she needed more medications to send the bill to him, and that he would pay it. The jury could find that the plaintiff, while in a condition in which she could not think clearly, was deceived by false representations as to the character of the instrument which she signed without reading. The case appears to be within the authority of *Bliss* v. *New York Central & Hudson River Railroad*, 160 Mass. 447, *Connors* v. *Richards*, 230 Mass. 436, and *Shaw* v. *Victoria Coach Line, Inc.* 314 Mass. 262. See also *Boston Five Cents Savings Bank* v. *Brooks*, 309 Mass. 52, 55.

As has already been said, there was no error in directing a verdict for the defendant Lincoln Park Amusement Co., and the plaintiff's exception to that action is overruled. Her exception to the direction of a verdict for the defendant Lincoln Rides, Inc., is sustained, and in accordance with the stipulation judgment against that defendant is to be entered in favor of the plaintiff in the sum of $2,500, without costs.                              *So ordered.*