*Municipal Court of the City of Boston*

No. 108927

**JOHN PAWELCZYK**

v.

**REDSTONE MANAGEMENT CORPORATION, D/B/A REVERE DRIVE-IN**

Argued: Oct. 22, 1965—Decided: Dec. 2, 1966

*Present*: Adlow, C. J., Gillen & Foster, JJ.
Case tried to *Shamon, J.*

*Adlow, C.J.* Action of tort or contract to recover for injury to person and damages to property of plaintiff while an invitee in the drive-in theatre of the defendant.

There was evidence that on March 3, 1962 the plaintiff, accompanied by his girl friend was a paid patron of the defendant's drive-in theatre. It was a cold night. Near the space

where he had parked was a pole on which were placed a speaker and a portable heater. The plaintiff placed the speaker in his car, and put the heater on the back seat of the automobile. He turned on the lights in the car in order to adjust the heater. Instructions printed on a tag fastened to the heater contained the following advice:

"Place heater on window with cylinder outside.

Never tamper with heater in any way.

Return heater to attendant if not

Working properly for a new heater."

According to the plaintiff the card was scratched to an extent that prevented his reading it. He was unfamiliar with this type of heater and after fooling around with it for three or four minutes, he placed it on the back seat and lighted a cigarette. When he lighted the cigarette he saw flames shoot out of the heater and his automobile caught fire. The auto was burned and he burned his hands and sprained his neck in attempting to put out the fire.

The heater was a radiant-heat heater, which was fueled by propane gas. A line extended from the heater to a gas bottle which stood by the pole. A special device was used to light the heater which was done by employees of the defendant one-half hour prior to the start of the movie. We have set forth above the contents of the tag fastened to the heater. In addition, instructions as to the use of the heaters were flashed on the screen before the

movie started and during intermission. The plaintiff did not see these instructions.

The defendant requested the court to rule as a matter of law that there was no evidence to warrant a finding that the defendant was negligent, and being aggrieved by a finding for the plaintiff brings this report.

This report is without merit. The dangers inherent in the use of propane gas, its highly volatile character and the great likelihood of exploding unless unusual caution is exercised, confer on this heater the quality of an inherently dangerous instrument. That the defendant was aware of its dangerous character is revealed by the steps taken by it to alert its patrons of the hazard attending its use. Aware of its dangerous or noxious qualities, it became its duty to properly warn whoever received the heater of its hazardous nature and to properly instruct him in the use of same. *Watkins* v. *N.Y.N.H. & H.RR.,* 290 Mass. 448, 451; 29 Harvard Law Review, 40, 54.

While the defendant appears to have gone through the motions of warning the plaintiff with respect to the heater, an examination of the notice printed on the tag reveals that it made no mention of butane gas. Nor did it sufficiently alarm the patron with respect to the hazard that was imminent if a match were lighted. One who delivers to another an article which he knows to be dangerous or noxious without notifying the recipient if its nature and qualities is liable

for any injury which may reasonably be contemplated as likely to result to that person if the latter is not himself at fault. *Wellington v. Downer Kerosene Oil Co.,* 104 Mass. 64; *Thornhill v. Carpenter-Morton Co.,* 220 Mass. 593; *Guinan v. Famous Players Laskay Corp.,* 267 Mass. 501; *Farley v. Edward E. Tower Co.,* 271 Mass. 230. See: Restatement, Torts, Vol. 2, §392.

Aside from the above considerations there was a duty on the defendant to supply a heater that was reasonably safe for use by its patrons. This requirement cannot be circumvented by vague, obscure, and unimpressive warnings.

Keeping in mind the casual circumstances under which patrons at drive-in theatres receive these heaters, a heater that is reasonably safe must actually be fool-proof. In the cause under review it was out of order. Whether the plaintiff received it in that condition or whether it got that way in the few minutes that he had it does not appear. Whichever the case, it was not a reasonably safe device to be entrusted to persons unacquainted with its method of operation. There was a duty on the defendant to furnish a heater that was reasonably safe for use. *Beaulieu v. Lincoln Rides, Inc.,* 328 Mass. 427, 429; *Brady v. Great Atlantic & Pacific Tea Co.,* 336 Mass. 386, 388.

In our opinion, the findings of the court

were warranted by the evidence. *Report dismissed.*

André R. Sigourney, of Boston, for the Plaintiff.

Robert L. Farrell and William H. Cotter, Jr., both of Boston, for the Defendant.