WALDO STREETER *vs.* VERNON LOCKE.

Worcester.     September 22, 1936. — October 28, 1936.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Negligence*, Gross, Motor vehicle, In use of way, Invited person. *Practice, Civil*, Charge to jury.

A finding that a collision of an automobile with a pole by the roadside on a dark night was due to gross negligence of the operator would not have been warranted on evidence that the automobile was being driven at the rate of thirty-five to forty miles an hour on a straight road, at a time when there was no other traffic.

Detailed instructions to the jury at the trial of an action by one alleged
to be a passenger for a consideration in an automobile against the
operator for personal injuries, properly presented to the jury the
issue as to what was the relation of the plaintiff to the defendant and
fully protected the rights of the plaintiff.

TORT. Writ in the First District Court of Northern
Worcester dated March 28, 1935.

On removal to the Superior Court, the action was tried
before *Donnelly*, J. There was a verdict for the defendant.
The plaintiff alleged exceptions.

*C. W. Proctor*, for the plaintiff.

*D. F. Gay*, for the defendant.

CROSBY, J. This is an action for personal injuries re-
ceived by the plaintiff while riding as a passenger in an
automobile operated by the defendant. The plaintiff's
declaration contained three counts: the first alleged negli-
gence, the second gross negligence, and the third wilful
and wanton misconduct on the part of the defendant.

The plaintiff testified that before the date of the accident
he had told the defendant he was thinking about buying
a second hand automobile, and that the defendant told
him he would like to sell him one. The plaintiff was an
assessor of the town of Winchendon at the time of the
accident, and the defendant, who was a taxpayer there,
took him to Boston to obtain his assistance in an endeavor
to secure an abatement of the defendant's tax, and also to
demonstrate the automobile in the hope of selling it to
him. After arriving in Boston they went to the tax com-
missioner's office. The defendant thereafter made some
other calls. They then went to Waltham on some business
of the defendant and, after supper there, left for Win-
chendon. The plaintiff testified that the accident occurred
on Water Street, in Ashburnham, on November 22, 1934,
at about 8:30 o'clock; that it was dark at the time; that
the road apparently was straight and slightly down grade
and twenty to thirty feet wide; that a quarter of a mile back
from the place of the accident the automobile was travelling
at a rate of thirty-five to forty miles an hour; that when
about thirty feet from a pole toward which the automobile

was headed, he hollered "look out," and ducked; that he thought the pole which was struck was about six feet from the edge of the road; that at that time there was no other traffic;* that by the contact part of the pole was broken off and he was thrown toward the windshield; that the pole was "probably sixteen or eighteen inches at the butt"; and that the speed of the automobile was not reduced so far as he could see.

The defendant, who was called by the plaintiff's counsel, testified, in part, that he was an automobile salesman; that he and the plaintiff went to Boston in an automobile owned by the Fitchburg Motors, Inc.; that he took the plaintiff to Boston for "demonstrating" purposes, and to see a dealer in Boston, and also to stop at the State House; that he was to take the automobile down to demonstrate it to the dealer and was partially demonstrating it to the plaintiff; that "to a certain extent the plaintiff accompanied him so that he could demonstrate the automobile to him"; and that "he did accompany him for that purpose." He further testified that as they were coming back through Ashburnham they had an accident on Water Street; that before and at the time of the accident he was going from twenty-five to thirty miles an hour; that the road at that point was practically level and straight; that he met an automobile and at the time of the accident was about to pass it; that he could not state the distance between the running boards of the automobiles; that there was no special noise when the pole was struck although it was broken off; that the "front end" of the bumper of his automobile struck the pole, which was very close to the hard surface of the road; that as the bumper hit the pole his automobile was thrown to the left onto the hard surface of the road; that he saw the pole when he was about fifty feet from it; and that the lights of the passing automobile which he was watching prevented his seeing the pole. He further testified that the pole was about a foot from the

* The bill of exceptions also states that the plaintiff testified that the defendant's car was "not crowded over onto the right of the road or crowded over by another car." — REPORTER.

"macadam side" of the road and had wires on the top of it, including those for electric lights which were extinguished when the pole was broken off; that before his automobile struck the pole he saw an automobile approaching; that he was watching it and was trying to watch the road; and that he was blinded by the approaching lights and did not see the pole until he struck it.

At the close of the evidence the defendant presented a motion that the judge direct a verdict in his favor on the second count of the declaration, which charged gross negligence of the defendant. This motion was allowed subject to the plaintiff's exception. The judge also directed a verdict for the defendant on count three of the declaration, which charged the defendant with wilful and wanton misconduct.* The action was submitted to the jury on the first count, which charged the defendant with simple negligence. The plaintiff requested certain rulings, of which the fourth was as follows: "It was the duty of the defendant, even though crowded from part of the road, to use ordinary care under such circumstances, and if he failed to do so he is liable, even though the negligence of some unknown person was a contributing cause to the plaintiff's injury."†

We are of opinion that the evidence would not have warranted a verdict for the plaintiff on the ground of gross negligence of the defendant, and that the judge rightly directed a verdict for the defendant on count two of the declaration. The evidence in the present case distinguishes it from the definition of gross negligence in *Altman* v.

---

* There was no exception to the ordering of a verdict for the defendant on the third count. — REPORTER.

† The plaintiff excepted to the refusal to grant this fourth request "excepting insofar as it has been touched upon in the charge." The instructions in the charge in "regard to the issue raised by" this request covered a page of the bill. A concluding sentence was as follows: "I say, gentlemen, consider the circumstances as you shall find they were at that time, the circumstances which confronted the driver of the car in which Mr. Streeter was riding at the time and place that this accident occurred, and say whether under all the circumstances, including emergency or anything else which you find, whether he did those things which the ordinarily careful and prudent driver would have done under the circumstances, and if you find that he did those, and did not breach his duty to Mr. Streeter in that regard, then your verdict must be for the defendant." — REPORTER.

*Aronson*, 231 Mass. 588, and other cases cited by the plaintiff.

The question whether the plaintiff was a mere guest of the defendant or was a passenger for a consideration was properly submitted to the jury.\*   Upon this issue the judge, although he instructed the jury that they might find that the plaintiff was only a guest in the automobile, also instructed them as follows: "Now here it appears that the defendant, Mr. Locke, was engaged in the business of selling automobiles, and that it was the custom . . . to demonstrate to prospective buyers the automobiles which he had to sell.  Of course, under those circumstances, under the decisions of the court, it is for his advantage, Mr. Locke's advantage to take parties out to whom he sells or hopes to sell automobiles, and it isn't necessary under the decisions that a sale should be actually made, and that a benefit should actually result from the transaction or the demonstration which is given; but if a salesman, an automobile salesman takes a customer, whom he hopes to sell an automobile to, for a ride, then the customer can recover from the automobile driver or the company whom he represents, if the driver is guilty of simple negligence."  The evidence warranted a finding that the defendant looked upon the plaintiff as a prospective customer, and that one of the objects of the trip to Boston was eventually to sell him an automobile.  These instructions to the jury were accurate and fully protected the rights of the plaintiff.

The failure to give in terms the plaintiff's fourth request discloses no error.

*Exceptions overruled.*

---

\* The plaintiff's only exception on the issue of whether the plaintiff was merely a guest of the defendant was "to that part of the charge beginning with the phrase or similar phrase that 'you may find it was just a position of guest and host' and continuing through the part which says 'under the circumstances.'"   The charge on this issue entered into much detail and covered more than a page of the bill of exceptions.  The portion objected to by the plaintiff was the closing paragraph on the subject and stated both sides of the question.  In his brief, the plaintiff's counsel contended: "The court erred in submitting to the jury the question whether the plaintiff was a gratuitous passenger . . . The plaintiff . . . submits that . . . the judge had no right to submit this issue to the jury. . . ." — REPORTER.