PHILIP TAYLOR *vs.* MORRIS E. GOLDSTEIN.

Suffolk. April 9, 1952. — July 1, 1952.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Negligence,* Invited person, Motor vehicle. *Proximate Cause. Motor Vehicle,* Invitee.

Discussion by SPALDING, J., of decisions of this court concerning the status of persons riding in vehicles as business invitees or as gratuitous guests of the operators of the vehicles. [163–165]

A person riding in a vehicle acquires the status of an invitee of the operator if he is riding for the purpose of conferring a benefit in the performance of something in which the operator has an interest provided

the benefit is other than the intangible advantages arising from mere social intercourse; the benefit need not be of a pecuniary nature or arise from a contractual relationship. [165]

Evidence that the purpose of a journey by two friends in an automobile was to get a suitcase lent by one of them to the other for a social trip would warrant a finding that the lender was an invitee entitled to recover for injuries resulting from ordinary negligence of the borrower in the operation of the automobile.

Evidence that the operator of an automobile upon arriving at his destination stopped it on a slight incline and applied the brakes but did not "put the car in gear," and that it was "possible that he had not applied the emergency brake . . . firmly enough" before getting out of the automobile warranted a finding of negligence on his part which was the cause of injuries received by a passenger after alighting from the automobile when it rolled back and a door which he was closing struck him.

TORT. Writ in the Superior Court dated January 31, 1950.

The action was tried before Donahue, J.

Jack J. Moss, for the plaintiff.

George Petersen, for the defendant.

SPALDING, J. The question for decision in this action of tort is whether the judge erred in granting the defendant's motion for a directed verdict.

The evidence was as follows: The plaintiff and the defendant, who had been friends for many years, were directors, officers and stockholders of Taylor Distributors, Inc. (hereinafter called the corporation), the offices and warehouse of which were in Boston. On Saturday evening February 12, 1949, while the plaintiff and the defendant were dining together the defendant said he was going to New York for the week end and requested the plaintiff to lend him his suitcase. The plaintiff assented. Since the suitcase was at that time in the warehouse of the corporation, the defendant drove the plaintiff there in an automobile owned by the corporation. Upon arriving at the warehouse the defendant stopped the automobile on a slight incline and applied the brakes but did not "put the car in gear." "It is possible that he had not applied the emergency brake . . . firmly enough." The defendant got out of the automobile on the driver's side and started to the

rear. The plaintiff got out on the right side, placed both feet on the ground about two feet from the curb, and gave the door a push as he was turning around to go toward the rear. While his hand was still on the door the automobile began to roll back and the corner of the door struck and injured his right leg. The purpose of the defendant's proposed trip to New York was entirely social and had no connection with the business of the corporation.

We are of opinion that the plaintiff was entitled to go to the jury on the second count of his declaration. Under this count the plaintiff sought to recover for ordinary negligence by reason of his having conferred "a benefit in the performance of something in which the defendant had an interest." Although the most obvious benefit to a defendant is one of a direct pecuniary nature, an indirect pecuniary benefit or an undertaking which holds out the hope of a pecuniary benefit may be sufficient to entitle the plaintiff to recover for ordinary negligence. *Jackson* v. *Green,* 257 Mass. 515 (plaintiff assisting in delivery of goods purchased from defendant). *Foley* v. *McDonald,* 283 Mass. 96, *Streeter* v. *Locke,* 295 Mass. 533 (defendant undertakes to demonstrate automobile for plaintiff, a prospective customer). *Epstein* v. *Simco Trading Co. Inc.* 297 Mass. 282 (defendant an indirect beneficiary of a contract of sale). *Roy* v. *Bacon,* 325 Mass. 173 (plaintiff's transportation arose from defendant's request to work overtime, the defendant hoping thereby to gain advancement in his employment).

The language of certain cases cited by the defendant would seem to limit the creation of the status of a passenger conferring a benefit to situations where there was either a pecuniary benefit or a contract. In the following cases recovery for ordinary negligence was denied: *Flynn* v. *Lewis,* 231 Mass. 550 (plaintiff accompanying defendant to assist in selection of a coat). *Baker* v. *Hurwitch,* 265 Mass. 360 (plaintiff, who had brought money to the defendant at his request, injured on return trip in defendant's automobile). *Jacobson* v. *Stone,* 277 Mass. 323 (plaintiff transported by defendant in order that plaintiff might obtain money to

lend to the defendant; plaintiff injured on return trip).[1]
In these cases the factor deemed to make the plaintiff's
status that of a guest is not the lack of a benefit to the
defendant, but the fact that the benefit is not consideration
for the transportation. In other words where the transpor-
tation is incidental to the granting of a gratuitous benefit by
the plaintiff, the transportation is likewise said to be gratui-
tous, with the result that the plaintiff cannot recover for
ordinary negligence. *Jacobson* v. *Stone,* 277 Mass. 323,
325.

But the trend of our decisions is to the contrary. Thus
it has been held that the creation of the status of a pas-
senger conferring a benefit is not necessarily dependent
upon contract. *Hall* v. *Smith,* 283 Mass. 166, 169. And
the contribution by a plaintiff of his labor, apart from any
contract of employment, has been held sufficient to create
the status. *Murphy* v. *Barry,* 264 Mass. 557, *Donovan* v.
*Johnson,* 301 Mass. 12 (plaintiff riding on defendant's truck
to assist in making deliveries). Closely related to these
cases are those in which the plaintiff has been held to have
acquired the status of an invitee by virtue of furnishing
knowledge, skill, or other assistance to the defendant.
*Lyttle* v. *Monto,* 248 Mass. 340 (plaintiff a passenger for the
purpose of directing defendant to his destination). *Semons*
v. *Towns,* 285 Mass. 96 (plaintiff accompanying defendant
for the purpose of giving the latter the protection of her
license and the advantage of her skill as driver). *O'Brien* v.
*Bernoi,* 297 Mass. 271 (plaintiff accompanying defendant
for the purpose of giving advice to the defendant in the pur-
chase of pigs). *Weida* v. *MacDougall,* 300 Mass. 521 (plain-
tiff accompanying defendant for the purpose of giving him
advice in the purchase of a restaurant). In the recent case
of *Howes* v. *Kelman,* 326 Mass. 696, 699, it was observed
that one does not become a gratuitous passenger merely be-
cause the benefits accruing to the driver from the transpor-

---

[1] Other cases more or less to the same effect are *Perkins* v. *Gardner,* 287
Mass. 114, 117, *Woods* v. *Woods,* 295 Mass. 238, 242–243, *Ruel* v. *Langelier,*
299 Mass. 240, 243.

tation are not of a pecuniary nature provided they "are in the form of some advantage other than that associated with mere companionship or social intercourse." The rule deducible from these decisions is that a plaintiff acquires the status of an invitee if he is riding with the defendant for the purpose of conferring a benefit in the performance of something in which the defendant has an interest provided the benefit is other than "'those intangible advantages arising from mere social intercourse'" (*O'Brien* v. *Shea*, 326 Mass. 681, 683); that the benefit need not be of a pecuniary nature; and that it need not arise from a contractual relationship. Perhaps the cause of the confusion on this subject results from the assumption sometimes made that the status of invitee can arise only if the plaintiff is transported for hire or consideration. But as we said recently in *Roy* v. *Bacon*, 325 Mass. 173, 174, that is not the test, for liability sounds in tort rather than contract, and the extent of the defendant's duty is based upon status.

In the case at bar, the jury could have found that the purpose of the journey to the premises of the corporation was the loan of a suitcase to the defendant. We think the jury could properly have found that the plaintiff was "conferring a benefit in the performance of something in which the defendant had an interest" (*Hall* v. *Smith*, 283 Mass. 166, 169) and was an invitee. To the extent that *Flynn* v. *Lewis*, 231 Mass. 550, *Baker* v. *Hurwitch*, 265 Mass. 360, and *Jacobson* v. *Stone*, 277 Mass. 323, on which the defendant relies, are at variance with what is decided here we do not follow them.

There was evidence from which a jury could find that the defendant was negligent and that the negligence was the proximate cause of the plaintiff's injuries. It could have been found that the defendant failed to exercise proper care to make the automobile secure. This aspect of the case falls within the authority of a number of decisions. *Glaser* v. *Schroeder*, 269 Mass. 337, 339. *Fone* v. *Elloian*, 297 Mass. 139. *Pelland* v. *D'Allesandro*, 321 Mass. 387, 389. *Litos* v. *Sullivan*, 322 Mass. 193. *Bachand* v. *Vidal*, 328 Mass. 97.

The conclusion reached makes it unnecessary to discuss the correctness of the judge's rulings with respect to the first and third counts.

*Exceptions sustained.*