MARION S. CROWLEY *vs.* GRACE McCAULEY.

Suffolk.    December 3, 1958. — January 19, 1959.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Negligence,* Invited person.  *Motor Vehicle,* Invitee.  *Evidence,* Relevancy and materiality.

Evidence that after work the defendant offered to take the plaintiff to her home in the defendant's automobile but that against the plaintiff's wishes the defendant took her to the defendant's home, where the plaintiff and others visited the defendant for approximately two and one half hours, and that during that visit the plaintiff asked the defendant to take her home, did not warrant a finding that the plaintiff was in the defendant's automobile against her will when injured in a collision while the defendant was driving her to her home immediately after the visit or that the plaintiff at the time of the collision was an invitee in the automobile entitled to recover from the defendant for ordinary negligence in its operation bringing about the collision.  [420]

At the trial of an action by a woman occupant of an automobile of the defendant, a married woman, to recover for injuries sustained in a collision occurring through negligence of the defendant in its operation, there was no error in excluding certain circumstantial evidence offered by the plaintiff in support of a contention that her presence in the automobile enabled the defendant to fulfill a prearranged engagement with a male occupant of the automobile, not her husband, and thereby conferred a benefit on the defendant entitling the plaintiff to the status of an invitee of the defendant.  [420–421]

TORT.    Writ in the Superior Court dated April 2, 1954.

The action was tried before *Goewey,* J., a District Court judge sitting under statutory authority.

*Harry Kisloff,* for the plaintiff, submitted a brief.

*William H. Taylor, Jr.,* for the defendant.

WILKINS, C.J.  The plaintiff, a passenger in an automobile owned and operated by the defendant, was injured due to the alleged negligence of the defendant.  There is no allegation of gross negligence in the declaration, and no contention that there was evidence of gross negligence.  We read in the plaintiff's brief: "The facts are unusual in that the plaintiff claims that her presence in the defendant's car was obtained by deceit and against her will in order to permit the defendant, a married woman, to fulfill a prearranged date with a male friend, not her husband.  This the plaintiff offered to prove by circumstantial evidence much of which was excluded."  The case is here on report by the trial judge of the correctness of his rulings in directing a verdict for the defendant and in excluding evidence.

The jury could have found these facts.  The plaintiff was a cashier at a hotel on Commonwealth Avenue, Boston, and lived on Beacon Street near the Brookline town line.  Her work ended at about 12:30 A.M. and on the day of the accident she was ready to leave for home at 12:45 A.M. when the defendant, a waitress, asked her if she wanted a ride home.  Also present were a Mrs. Grecco, a guest of the defendant, and one Jones, a waiter.  The plaintiff at first declined, stating that she would go home as usual by taxicab, but after being told that the automobile was "right in the yard," she accepted.  At about 12:45 A.M. to 1 A.M. they got into the automobile with Jones in the front seat with the defendant and the plaintiff and Mrs. Grecco in the back seat.  When they reached Kenmore Square, instead of driving out Beacon Street two blocks to the plaintiff's home, the defendant drove out Commonwealth Avenue.  The plaintiff, when she discovered this, told the defendant that she was going the wrong way, as the plaintiff did not live on Commonwealth Avenue.  The defendant made no reply.  The plaintiff again asked her to drive her home.  The defendant answered that she was going to take the plaintiff to the defendant's house, that the plaintiff had never been there, and that the plain-

tiff needed a night out. Near the Cottage Farm bridge the plaintiff asked the defendant to stop and let her out so that she could take a taxicab. There was no further conversation, and they proceeded to the defendant's house in Somerville. The defendant's husband was there. They remained approximately two and one half hours. The plaintiff asked the defendant two or three times to take her home since it was getting late. The defendant replied that she would eventually. When they left, there had been rain followed by snow and freezing, and the streets were covered with glare ice. The defendant and Jones "sat close together" in the front seat, and the plaintiff in the back seat. Noticing that the defendant was driving faster than the plaintiff considered proper, and that the defendant had her head turned toward Jones and was engaged in conversation with him, the plaintiff asked the defendant to slow down and keep her eyes on the road. As they were traveling along Oxford Street, Cambridge, at about twenty-five miles an hour approaching Kirkland Street, the defendant put on the brakes, and the automobile went straight ahead and smashed into a traffic light. It was a "terrific smash," and the plaintiff was hurt. Prior to that night the plaintiff had never been driven home by the defendant, or been invited to be driven home, or mingled socially with her, or been at her Somerville home.

Whatever might have been the plaintiff's rights had the accident occurred on the way out to Somerville at a time when she might have been found to be an involuntary passenger (compare *Cieplinski* v. *Severn*, 269 Mass. 261), she could not have been found to have been in the automobile against her will at least two and one half hours later after an apparent social visit at the defendant's house.

The evidence which was admitted falls short of bringing the plaintiff within the principle of such cases as *Taylor* v. *Goldstein*, 329 Mass. 161, and of showing her to be an invitee by reason of a benefit conferred in the performance of something in which the defendant had an interest.

There was no error in the exclusion of evidence. It would

not have been enough to bring the plaintiff within *Taylor* v. *Goldstein* to show there had been intimacy between the defendant and Jones over a period of seven months; that the defendant and Jones sat close together and conversed in low tones on the trip to Somerville; that the defendant was surprised to find her husband at home; that on the afternoon of the day of the accident the defendant and Jones called together at the plaintiff's house; or that there were telephone calls to the plaintiff on the day of the accident from the defendant's husband seeking to learn the defendant's whereabouts.

In accordance with the terms of the report judgment is to be entered for the defendant.

*So ordered.*