LEE POSNER & another *vs.* N. BENJAMIN MINSKY, executor.

Berkshire. December 4, 1967. — February 8, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL,
& REARDON, JJ.

*Negligence,* Invited person, Motor vehicle.  *Motor Vehicle,* Invitee.
   *Proximate Cause.  Practice, Civil,* Charge to jury.  *Evidence,* Credi-
   bility of witness, Judicial discretion, Printed rules and regulations.

Evidence in an action that the operator of an automobile and a friend
   riding therein on a trip both believed that the operator had no driving
   license in her possession and that the friend was going along in order
   to furnish the protection of her driving license to the operator warranted
   a finding that the friend had the status of an invitee during the trip,
   even though the operator then actually had a valid driving license with
   her unknowingly, and on such a finding the friend would be entitled
   to recover from the operator's estate for injuries sustained in an
   accident during the trip due to the operator's ordinary negligence.
   [659–660]
Where a trial judge in his original charge in an action and in answer to a
   question by the jury correctly charged them with respect to a material
   issue, but misstated the law in answering a second question by the jury
   presenting a certain facet of that issue as to which he had not previously
   instructed them, an exception to the judge's answer to the second
   question was sustained. [660]
The record of an action in a Massachusetts court by a husband and wife
   against the executor of the operator of an automobile for injuries sus-
   tained by the wife in a collision while a passenger therein disclosed no
   abuse of discretion in permitting the defendant to question the hus-
   band in regard to a pending action arising out of the same collision
   brought by the same plaintiffs in a Federal court against persons not
   parties to the action in the Massachusetts court where the questions
   were merely preliminary to subsequent interrogation regarding possible
   admissions refuting previous testimony and were admitted solely on the
   issue of the witness's credibility, and the jury were instructed to dis-
   regard the action pending in the Federal court. [661]
At the trial of an action, a pamphlet entitled "Rules and Regulations for
   the Use of the Massachusetts Turnpike Authority" was properly ad-
   mitted in evidence under G. L. c. 233, § 75, as amended through
   St. 1943, c. 190, § 1. [662]

Evidence in an action that on a rainy and foggy day when the posted
    speed limit on the Massachusetts Turnpike had been reduced the op-
    erator of an automobile, after traveling about forty miles, brought the
    automobile to a stop "in the middle of the road" and a passenger
    in it remonstrated and that a few minutes later it was struck in the
    rear by a large trailer truck warranted a finding of negligence on the
    part of the operator of the automobile causing injuries to the pas-
    senger. [662–663]

TORT. Writ in the Superior Court dated March 15, 1962.
The action was tried before *Bolster*, J.
*Albert P. Zabin* for the plaintiffs.
*J. Norman O'Connor* for the defendant.

SPIEGEL, J. This is an action of tort for personal injuries
sustained by Lee Posner (hereinafter called the plaintiff)
as a result of a motor vehicle accident. The declaration is
in four counts. Count 1 is based on gross negligence; count 3
on ordinary negligence. In counts 2 and 4, Joseph Posner,
the plaintiff's husband, seeks consequential damages. These
counts are likewise based on gross negligence and ordinary
negligence, respectively. The plaintiff was a passenger in a
car driven by the defendant's testatrix.

The case was referred to an auditor, who found for the
defendant on each of the counts. Subsequently, the case
was tried to a jury on the auditor's report and other evidence.
The jury returned verdicts for the defendant on all counts.
The case is here on the exceptions of the plaintiffs and of the
defendant.

We summarize the evidence most favorable to the plain-
tiffs. On February 23, 1961, the defendant's testatrix,
Mrs. Sophie Minsky, wanted to drive from her home in
Pittsfield to attend a flower show in Springfield. She
telephoned the plaintiff, who was a friend of hers, and stated
that she had "misplaced" her license and was unable to find it.
She asked the plaintiff to "come and ride" with her to the
show so that Mrs. Minsky could drive on the plaintiff's
license. The plaintiff was busy baking but Mrs. Minsky
"talk[ed her] into" going. Mrs. Minsky called for the
plaintiff at 10:30 A.M. and they began the trip to Springfield.

Mrs. Minsky was driving. The weather was rainy and foggy when they entered the Massachusetts Turnpike at the Lee Interchange. The posted speed limit had been reduced from sixty to thirty miles an hour. After traveling about forty miles Mrs. Minsky brought the car to a stop "in the middle of the road." The plaintiff remonstrated and said, "Don't stop here. This is too foggy. . . . We get killed." "Cars going [to] bump you." A few minutes later the car was struck in the rear by a large trailer truck. Mrs. Minsky died as a result of the accident and the plaintiff was severely injured.

## I. The Plaintiffs' Exceptions.

The plaintiffs contend that the trial judge "erroneously instructed the jury that in order for the defendant to be liable to the plaintiffs for ordinary negligence, the plaintiff had to confer an actual benefit on the defendant's testatrix, even though the plaintiff believed she was conferring the benefit requested by the defendant's testatrix."

In the original charge, to which no exceptions were taken, the jury were correctly instructed in regard to the plaintiff's status as a passenger.

After the jury had retired and deliberated for some time, the jury requested further instructions as to the definition of "benefit," the degree of benefit necessary, and the degree to which the conferring of a benefit must have been the motive for Mrs. Posner's riding as a passenger. The judge again correctly charged the jury, and no exception was taken.

After further deliberation, the jury asked the following question: "Must the benefit *be actually performed* by the plaintiff or does the mere *thought* that she was performing a benefit suffice according to law?" (We note that there was evidence that after the accident Mrs. Minsky was taken to a hospital and that a valid driver's license was found in her wallet.) The judge then instructed the jury as follows: "Well, there has to be a benefit conferred on the defendant by the plaintiff. Actually conferred. If you go out with a

friend and you think you are doing her a favor and you're not really doing it — that isn't enough. The benefit has to be conferred in order to make it a benefit being conferred." To this instruction the plaintiffs excepted. After a brief period of time, the jury returned the verdicts for the defendant.

There was evidence from which the jury could infer that Mrs. Minsky, perhaps unknowingly, had her driver's license with her at the time of the accident. If such an inference were drawn, under the rule of law enunciated in the judge's answer to the last question it would follow that because the plaintiff actually conferred no benefit upon Mrs. Minsky the plaintiff could not recover for Mrs. Minsky's ordinary negligence. A guest in an automobile is not owed a duty of due care by his host, and cannot recover for injuries due to ordinary negligence. *Massaletti* v. *Fitzroy,* 228 Mass. 487. However, where a passenger travels in an automobile in order to confer a benefit upon a host, the passenger may recover for ordinary negligence. *Taylor* v. *Goldstein,* 329 Mass. 161, 164–165, and cases cited. It has been held that one riding in order to furnish the driver with the protection of one's license to drive is conferring such a benefit, and the driver is liable for ordinary negligence. *Semons* v. *Towns,* 285 Mass. 96, 100. In the case at bar, there was evidence from which the jury could find that the plaintiff rode with Mrs. Minsky on the mutual understanding that she was conferring a similar benefit. We can find no case in which an identical question is raised. The weight of the case law, however, indicates that it is the state of mind of the passenger and host, and not the actual conferring of a benefit, that is determinative. The question is one of status, often put in terms of whether the passenger has the status of an invitee, an analogy from the law governing the liability of landowners. See *Taylor* v. *Goldstein,* 329 Mass. 161, 164; *Falden* v. *Crook,* 342 Mass. 173, 175; *Tomaino* v. *Newman,* 348 Mass. 433, 436. The status of a business invitee is determined by the purpose for which the premises are entered and the expectations of both host and invitee as to the pur-

poses of the visit. See *Plummer* v. *Dill,* 156 Mass. 426, 427. If by some fortuity not contemplated by the parties, the purpose of a business visit is frustrated, the status of a business invitee for tort recovery purposes would not be affected. We are of opinion that the workings of the "benefit" rule in automobile accident cases must proceed on a similar footing. In the instant case, to say that the plaintiff's status as an invitee in the automobile is affected by Mrs. Minsky's unknowing possession of her license is to ignore the consensual origin of that status. The judge's answer to the jury's last question misstated the law.

"A charge is to be considered as a whole in order to determine whether it is legally correct, rather than tested by fragments." *Lockwood* v. *Boston Elev. Ry.* 200 Mass. 537, 544. The defendant contends that the jury were correctly guided by earlier instructions. A reading of the whole charge, however, convinces us that the judge did not instruct the jury in regard to the precise issue raised by the jury's final question except in his answer to that question.

We deal with the remaining exceptions, since the same problems may arise at a new trial. At the trial, the defendant called Posner, the male plaintiff, and examined him in regard to another action begun in the United States District Court by the plaintiffs against other parties, including the driver of the trailer truck. The following questions and answers were admitted over the plaintiffs' objections. COUNSEL FOR THE DEFENDANT: "Have you been examined before trial by any of the lawyers in that case?" THE JUDGE: "I take it this is offered . . . for the reason of finding out if he has, then testing his credibility and only for that reason at the moment?" COUNSEL FOR THE DEFENDANT: "That is all — at the moment." THE WITNESS: " . . . No, I have not." COUNSEL FOR THE DEFENDANT: "You have not? Did you in preparing for that trial tell your attorney that the motor vehicle in which your wife was a passenger was parked on the extreme right side of Massachusetts Turnpike Authority in the east bound lane?" THE WITNESS: "It was my wife and I both — you see, I had

to — my wife had to tell me the information." COUNSEL
FOR THE DEFENDANT: "Let me try it this way for a minute.
Did your wife say that you, in turn, tell your attorney, is
that what you are getting at?" THE WITNESS: "She had
to tell me then I told them."

The plaintiffs argue that the defendant sought to intro-
duce evidence of the pendency of another action solely to
prejudice the plaintiffs' case before the jury. They attack
the admission of this line of testimony on the grounds that
the complaint itself could not have been introduced, and
that there was no prior inconsistent testimony of either plain-
tiff. It is apparent from the record, however, that the
inquiries into the existence of an action in the Federal
Court were preliminary questions preparatory to subsequent
interrogation regarding possible admissions, which could
have refuted previous testimony. No attempt was made to
introduce the pleadings. See *Jennings* v. *Bragdon*, 289
Mass. 595, 598. In addition, the judge restricted the pur-
pose of the cross-examination by stating that the questions
were admitted solely on the issue of credibility. He also
instructed the jury to disregard the case pending in the
Federal Court.[1] The position of the vehicle was a question
of importance in the case. The plaintiff had testified first
that the car was stopped "in the middle of the road," and
then that "I don't remember anything — exactly." The
examination of Posner indicated that the plaintiff had
transmitted another version of the car's position through
him to their attorney. The scope of inquiry into matters
testing the accuracy, veracity, and credibility of a witness
rests largely in the sound discretion of the judge. *Common-
wealth* v. *Makarewicz*, 333 Mass. 575, 593, and cases cited.
We cannot say that the judge abused his discretion.

---

[1] The judge's instructions on this point were: "Mention was made by
both counsel of this action that you heard about pending in the Massachusetts
District Court. I think you should put that out of your mind entirely for
several reasons. In the first place, two of the three chief legal points that
are present here will not arise in that case. That case is between different
parties. The Posners are the plaintiffs, but there is an entirely different de-
fendant; there will be evidence that you don't have here. Nobody knows
what will happen there. And, therefore, I suggest you forget all about that."

## II. The Defendant's Exceptions.

The defendant excepted to the judge's denial of his motion to strike portions of the report of the auditor. The portions objected to were the auditor's conclusions that the defendant's testatrix was negligent, although not grossly negligent. The defendant maintains that these findings were not supported by the subsidiary findings of the auditor. These findings in essence paralleled the plaintiffs' version of the events, except for the auditor's finding that the accident occurred in the emergency lane. We are satisfied that the subsidiary findings supported the conclusions of the auditor.

The defendant also excepted to the admission in evidence of a pamphlet entitled "Rules and Regulations for the Use of the Massachusetts Turnpike Authority." He argues that the provisions of G. L. c. 233, § 75, as amended through St. 1943, c. 190, § 1,[2] do not authorize its admission because the Massachusetts Turnpike Authority is not a "department, commission, board or officer" of the Commonwealth, but "has an existence separate and apart from that of the Commonwealth." There is no question that the Authority is a creature of the Commonwealth, and indeed it has been likened to a municipal corporation for some purposes. *Massachusetts Turnpike Authy.* v. *Commonwealth,* 347 Mass. 524. We see no reason to treat the Authority, which is "a public instrumentality performing an essential governmental function," *supra,* at 525, differently for the purposes of G. L. c. 233, § 75. There was no error.

The defendant also claims error in the judge's denial of a motion to direct a verdict for the defendant on each of the counts. He contends that "the evidence did not warrant a finding that the acts or omissions of the defendant's testatrix constituted gross negligence or that such acts or omissions were the legal cause of injury or damage to the plaintiffs." We do not agree. We are of opinion that there was evidence

---

[2] General Laws c. 233, § 75, reads in pertinent part: "Printed copies of rules and regulations purporting to be issued by authority of any department, commission, board or officer of the commonwealth or of any city or town having authority to adopt them . . . shall be admitted without certification or attestation . . . ."

which would warrant the jury in so finding. Whether conduct amounts to gross negligence must be decided according to the peculiar features of each case. *Bruno* v. *Donahue*, 305 Mass. 30, 34.

It necessarily follows that there was likewise no error in denying the defendant's motion for directed verdicts on the counts for ordinary negligence.

The plaintiffs' exceptions as to counts 1 and 2 are overruled. The plaintiffs' exceptions as to counts 3 and 4 are sustained and the new trial is to be confined to counts 3 and 4. The defendant's exceptions are overruled.

*So ordered.*