Jones v. Brote.

IDA M. JONES *vs.* ROBERT C. BROTE.

Worcester.   February 8, 1968. — April 3, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Negligence*, Invited person.   *Motor Vehicle*, Invitee.

Evidence in an action warranted a finding that the dominant aspect of a trip taken by a woman friend of the owner of an automobile in it after he had gotten out of it was "to pick him up a can of spray paint" and that she had the status of an invitee while driving to a store to buy the paint, even though she "was going to go shopping anyhow," and on such a finding the friend was entitled to recover from the owner for injuries sustained during the trip due to his ordinary negligence with respect to the condition of the emergency brake.

TORT.   Writ in the Superior Court dated November 15, 1963.

The action was tried before *Pillsbury*, J.

*Robert C. Milton* for the defendant.

*Richard M. Wall* for the plaintiff.

SPALDING, J.   On January 22, 1963, the plaintiff was injured by an automobile owned by the defendant.   The plaintiff brought this action of tort, the declaration in which contained two counts, one alleging negligence, and the other gross negligence.   The judge directed a verdict for the defendant on the count for gross negligence, to which action no exception was taken.   The count for negligence was submitted to the jury, who returned a verdict for the plaintiff. The case comes here on the defendant's exception to the denial of his motion for a directed verdict.

We summarize the evidence as follows.   At the time of the accident, the plaintiff (then unmarried) and the defendant were friends.   The plaintiff and the defendant had been "going steady" for about two years, "maybe a little bit more."   When asked if she and the defendant were engaged, the plaintiff replied, "No, not officially." [1]   During

---

[1] Since this action was brought the plaintiff has married one Jones and the writ and declaration were amended to describe her by her married name, Ida M. Jones.

the period of their friendship, "there were occasions when the defendant allowed her to use his car, and there were occasions when she . . . perform[ed] various duties for him." She had used the car two or three days before the accident. On the day of the accident the defendant "picked her up" at her house. They then "picked up" a friend of the plaintiff, and proceeded to the home of a friend of the defendant where the defendant got out. The defendant told the plaintiff "to pick him up a can of spray paint." The plaintiff replied, "O.K."; ". . . [she] was going to go shopping anyhow."

While driving to Zayre's, where the plaintiff was going to buy the paint, she heard a "thumping noise." She put the car in neutral," shut off the engine, pulled up the emergency brake, and got out. As she passed in the rear of the car, "the emergency brake let go," and the car backed into her, pinning her down.[2] Although the plaintiff had a set of car keys of her own, she could not use the car any time she wished. The plaintiff testified that when she went to Zayre's to buy the paint, she "was probably going to look around . . . [there] for [herself] . . . just look around and browse."

The plaintiff bases her right to recover on ordinary negligence. To recover on this ground there must be proof that the plaintiff had acquired the status of an invitee by "conferring a benefit in the performance of something in which the defendant has an interest provided the benefit is other than 'those intangible advantages arising from mere social intercourse.'" *Taylor* v. *Goldstein,* 329 Mass. 161, 165. A "member of a family or household group or group of acquaintances rendering friendly help in household routine or commonplace tasks to another member of the group does not cease to be a licensee or social visitor unless the character or circumstances of the assistance make it clearly the dominant aspect of the relationship rather than a routine incident of social or group activities." *Pandiscio* v. *Bowen,* 342 Mass. 435, 437–438. Whether a case falls on one side of the line

---

[2] Evidence as to the condition of the brake has been omitted, for the defendant concedes that this evidence warranted a finding of negligence.

or the other is sometimes difficult to determine. See *Taylor v. Goldstein, supra,* where numerous cases are collected.

In the case at bar a majority of the court think it was a question of fact for the jury whether the plaintiff's undertaking to buy paint for the defendant was the dominant aspect of her trip so as to make it something more than a mere routine "rendering [of] friendly help." The defendant's motion for a directed verdict was rightly denied. Compare *O'Brien* v. *Myers, infra.*

*Exceptions overruled.*