BLANCHE GRAY *vs.* ELAINE M. LAUZIERE.

Worcester.    October 10, 1968. — November 5, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL, & REARDON, JJ.

*Negligence,* Invited person, Guest. *Motor Vehicle,* Invitee.

Evidence in an action did not warrant a finding that the plaintiff, who asked her friend, the defendant, to drive her to a laundromat, and sustained injuries because of alleged ordinary negligence of the defendant in operating the automobile upon returning to the laundromat after a side excursion while waiting for the clothes to be washed, conferred any benefit on the defendant so as to be a business invitee rather than a gratuitous guest, and the plaintiff was not entitled to recover, even though the plaintiff contributed to the cost of the gasoline for the trip and the defendant suggested the side excursion.

TORT. Writ in the First District Court of Southern Worcester dated December 3, 1964.

Upon removal to the Superior Court the action was tried before *Coddaire,* J. There was a verdict for the defendant on a count of the declaration alleging gross negligence. The defendant alleged an exception to the denial of a motion for a directed verdict on a count of the declaration alleging

ordinary negligence, on which there was a verdict for the plaintiff.

*Joseph F. Sawyer, Jr.,* for the defendant.

No argument or brief for the plaintiff.

WHITTEMORE, J.   The evidence in this action of tort for bodily injuries did not permit a finding that the plaintiff in riding in the automobile driven by the defendant was conferring a benefit on the defendant so that she was a business invitee rather than a gratuitous guest.   The count alleging ordinary negligence should not have gone to the jury.   *Taylor* v. *Goldstein,* 329 Mass. 161, 163–165.   *O'Brien* v. *Myers, ante,* 131, 132.

The evidence showed that the plaintiff asked her friend, the defendant, to drive her to the laundromat in East Douglas.   The defendant consulted her father, the owner of the vehicle, and obtained his permission on condition that the plaintiff put a dollar's worth of gasoline in the tank, which the plaintiff did.   While the two women were waiting for the clothes to be washed, one or the other of them suggested that they go for a ride.   The plaintiff bought another dollar's worth of gasoline and they then proceeded to Northbridge where they met another car driven by a man whom they both knew.   The plaintiff got out of the defendant's car and went into the other car for a period of time, about five minutes according to the plaintiff. Later, while the two women were proceeding toward the laundromat in the defendant's car, with the defendant driving, the accident occurred.

The plaintiff's contribution to the cost of the trip to the laundromat undertaken for her convenience did not confer a benefit of "a business or commercial significance" on the defendant or the owner of the automobile.   *Comeau* v. *Comeau,* 285 Mass. 578, 581.   *Perkins* v. *Gardner,* 287 Mass. 114, 117.   See *Askowith* v. *Massell,* 260 Mass. 202, 205.

Assuming, as the plaintiff testified, that it was the defendant who suggested the ride to Northbridge, and that it was the plaintiff who at first questioned this extension of the trip because the defendant's father's assent did not

include this side excursion, it could not, in any event, be found that this was more than a pleasure ride by two friends with no significant benefit conferred on the defendant.

*Exceptions sustained.*

*Judgment for the defendant.*