*Northern District*

No. 7894

**DOROTHY K. RUBY, ET AL**

**v.**

**FLAVELLA P. DUMAIS**

Argued: Oct. 6, 1972 - Decided: Oct. 30, 1972

*Present:* Parker, P.J., Mason, J.

Case tried to *Cullen, J.* in the District Court of Marlborough, No. 7455 of 1971.

**Parker, P.J.** In this action of tort in Count I the plaintiff seeks to recover for personal injuries received when she was a passenger in a motor vehicle owned and operated by the defendant. Count 2 is brought by the plaintiff's husband for consequential damages.

The evidence most favorable to the plaintiff tended to show, as follows:

On Sunday 18 January 1970 there was a meeting of the Amway Distributors at Amesbury at 3 P.M. The plaintiff worked for Amway and had made arrangements to take Mrs. Carty, her supervisor, with her to the meeting. The employment of the plaintiff was part-time selling household articles on a commission basis. The plaintiff was unable to use her car as was previously arranged and she notified

Mrs. Carty. Mrs. Carty contacted the defendant who agreed to drive her to the meeting. Both the defendant and Mrs. Carty came to the plaintiff's home at about 3:00 P.M. on the day of the meeting. In the past the defendant had worked for Amway.

All three ladies were riding in the front seat. The defendant was driving. It was a cloudy day, road fairly clear, some ice in spots where snow had melted and traffic was light. At about 4:00 P.M. the operator turned off Route No. 495 onto the exit to Route No. 150, at a speed of 40-50 miles per hour. The car began to fishtail and struck the guard rail. It knocked down one concrete abutment and came to rest four car lengths away from the first point of contact. There was evidence that neither Mrs. Carty nor the plaintiff had been to meetings at Amesbury before, but the defendant had.

The plaintiff seasonably filed four (4) Requests for Rulings reading, as follows:

1. The plaintiff was not a gratuitous guest of the defendant.

2. The plaintiff was a passenger in the defendant's vehicle for the defendant's benefit, therefore, entitled to recover on proof of simple negligence.

3. The evidence warrants a finding of simple negligence.

4. There is sufficient evidence to warrant a finding for the plaintiff.

The court denied Request No. 1.

Requests No. 2, No. 3 and No. 4 were allowed, but the Court did not so find and referred to its special findings of fact which were as follows:

"The plaintiff was a gratuitous passenger in the motor vehicle operated by the defendant at the time of the accident and as such can recover upon proof of gross negligence."

The plaintiff claims to be aggrieved by the denial of request No. 1 and by the court's ruling on request No. 2, No. 3 and No. 4.

The question raised by the plaintiff's appeal is the status of the plaintiff. Was she a gratuitous passenger of the defendant or a passenger for hire? In her brief the plaintiff states that the defendant had a valuable interest in the trip because she was asked to drive by Mrs. Carty, a supervisor at Amway and had expectations of securing employment with Amway again. The report does not show any evidence to support the statement that the defendant had expectations of being reemployed at Amway.

Since the plaintiff was riding in the defendant's car which was being driven by the defendant, the plaintiff seeks to recover on the grounds that the plaintiff was conferring a benefit on the defendant, and so she can recover by showing that the defendant was simply negligent and not grossly negligent as would be necessary for her case if she was a gratuitous guest.

**There was evidence to show that** it was Mrs. Carty who requested the help of the defendant and her car for the trip. There is no evidence that the defendant ever asked the plaintiff to come on the trip. However, she did come along and the defendant did not object. At the time of the ride the defendant was not working for Amway and there was no evidence that she wanted to be reemployed by them. Mrs. Carty contacted the defendant who agreed to drive her to the meeting. There is no evidence that the defendant was going to the meeting, nor that the defendant received anything for the trip nor did she ask for anything.

We are of the opinion that the transportation furnished the plaintiff by the defendant was incidental to the granting of a gratuitous benefit to the plaintiff by the defendant and the transportation in the defendant's car driven by the defendant was likewise gratuitous and that the plaintiff cannot recover on a basis of ordinary negligence. The plaintiff was a social guest of the defendant. *Taylor* v. *Goldstein,* 329 Mass. 161, 164. *O'Brien* v. *Myers,* 354 Mass. 131. *Jacobson* v. *Stone,* 277 Mass. 323. *Baker* v. *Hurwitch,* 265 Mass. 360. *Gray* v. *Lauziere,* 354 Mass. 683.

In this case it was not the defendant who suggested the ride to the plaintiff. The person making the arrangement for the ride was Mrs. Carty. The persons who got the benefit of the ride was the plaintiff and Mrs. Carty, not the

defendant. At the time of the accident the plaintiff was being transported gratuitously and solely for the accommodation of the plaintiff and Mrs. Carty. *McGrath* v. *Parsons,* 312 Mass. 476, 477.

We see no error in the action of the court in the denial of the plaintiff's request for ruling No. 1 nor do we see any error in the rulings on requests No. 2, No. 3 and No. 4. **Report dismissed.**

JOSEPH S. SAPPETT
  for Plaintiff
JOHN AROTTA
  for Defendant