*Northern District*

No. 8102

**SUSAN M. NAULTY, PPA, ET AL**

v.

**JODY ZARRELLA, ET AL**

Argued: Oct. 25, 1973 - Decided: Sept. 27, 1974

*Present:* Cowdrey, P.J., Flaschner, Forte, JJ.

Case tried to *Doyle, J.* in the Second District Court of Eastern Middlesex, No. 7365 of 1971.

**Cowdrey, J.** This is an action of tort for personal injuries and consequential damages arising out of the operation of a motor vehicle

on November 29, 1969, in Waltham, Massachusetts.

The trial court found for the plaintiffs and the case is before this Division on the correctness of the justice's rulings on the defendant's requests.

The following issues are raised by the requests: namely, the legal status of the plaintiff, Susan M. Naulty, at the time of the accident, and the degree of care owed to her by the defendant.

**At the trial there was evidence to show** (and we quote verbatim from the report) . . . "that the plaintiff, age 17, and the defendant, age 18, were both holders of valid Massachusetts Motor Vehicle Licenses to operate a motor vehicle on the highways of the Commonwealth. They were very close friends and senior class mates at Belmont High School.

"The defendant received permission from her mother to sleep over at the plaintiff's home on the night prior to the accident as was their practice whenever the plaintiff's parents were away for the weekend.

"On Saturday Evening, at about 9:30 P.M., November 29, 1969, the plaintiff and the defendant set out in the defendant's mother's 1964 Mercury automobile, which was equipped with power steering. They planned to drive around the Waltham-Belmont area "killing time" until it was time to pick up Jody Zarrella's sister at 11:00 P.M., at her place of

employment, Brigham's Restaurant in Belmont.

"When the plaintiff and defendant started out from the plaintiff's home, it was about 9:30 P.M. The defendant was operating and the plaintiff was seated as a passenger in front. They first drove to Waverly Square, Belmont, and were stopped there, talking, when they saw three younger boys who they knew as friends in the neighborhood, and freshmen at Belmont High School. The three boys were invited by the defendant and the plaintiff to come for the ride and then would be driven to their respective homes. At that time, the plaintiff was still sitting in the front seat as a passenger. One boy got into the front seat and two in the rear.

"The defendant drove then from Waverly Square, up Trapelo Road into Waltham and turned off Trapelo Road at Forrest Street in Waltham. The defendant drove a short distance south on Forrest Street when she pulled over to the curb and stopped and asked the plaintiff to drive because she, Jody Zarrella, was tired.

"The plaintiff then became the operator of the car with the defendant moving over to sit beside the plaintiff in the front seat with one boy still in the front seat near the passenger door.

"The plaintiff started the car up and steered it away from the curb out into the travel way,

Forrest Street, at this point, was a two way street, about 30 feet wide, with a center line dividing the street into two lanes.

"The plaintiff moved the car about two car lengths and the left or the car had crossed over the center line by a couple of inches. The police report, which was admitted into evidence, includes the plaintiff's statement that she had "wandered" across the center of the road. At this time, there were no other cars on Forrest Street in the vicinity of the accident, either moving or parked. Visibility was clear in both directions for at least two hundred feet. At this time, the group was still "killing time" driving on Forrest Street waiting until it was time to proceed to pick up the defendant's sister. When the plaintiff had moved the above referred to, two car lengths and had reached a speed of about 10 m.p.h. from the stop, the defendant then grabbed the steering wheel, hard, pulled it to the right and also in this motion, hit the accelerator with one foot. The plaintiff put her foot on the brake in an attempt to stop the car and with this application of acceleration by the defendant and the brakes by the plaintiff, the car left 100 feet of tire marks on the roadway in an arch from the center of the road into the telephone pole." (End of Report)

The court made the following findings and rulings:

"I find that the plaintiff was operating the motor vehicle owned by the defendant's father at the time and place alleged in the plaintiff's declaration. The defendant, who was seated in the middle of the front seat of the motor vehicle, owed a duty to exercise ordinary care to refrain from interfering with plaintiff's operation. The defendant's acts of 'pulling hard' on the steering wheel and touching the accelerator constituted simple negligence in violation of her duty to the plaintiff. The defendant's acts were the sole proximate cause of the vehicle's collision with a pole and the plaintiff's resulting injuries. I find that the plaintiff was in the exercise of due care."

In disposing of the defendant's requests, the court further found that the plaintiff was the operator of the vehicle and not a guest passenger and that the defendant was guilty of simple negligence but not gross negligence.

The defendant, appellant, argues that the plaintiff although operating the motor vehicle at the time of the accident, under the factual situation here presented, was still a guest of the defendant who owed the plaintiff as a guest only a duty to refrain from negligence of a gross character. She further argues that the conduct of the defendant, facing an emergency situation, was not so unreasonable as to constitute a degree of negligence greater than ordinary.

The plaintiff contends that upon her assuming the operation of the motor vehicle, she lost her status as a guest and can recover upon proof of ordinary negligence on the part of the defendant. We agree with this contention. *Posner* v. *Minsky*, 353 Mass. 656, 659. *Taylor* v. *Goldstein,* 329 Mass. 161, 164-165, and cases cited.

Once the plaintiff became the operator of the motor vehicle, it was the duty of the defendant not to unduly interfere in its operation. In view of the evidence reported as to the width of the street, the fact that no other cars were on the street, either moving or parked, the moderate speed that the vehicle was traveling, the clear visibility, the short distance over the center line which the vehicle travelled, i.e. "a couple of inches", and the apparent force with which the defendant pulled the steering wheel coupled with her motion in hitting the accelerator, the trial justice was warranted in finding that the defendant did not exercise that degree of care required of her under the circumstances.

We find no prejudicial error. **Report dismissed.**